SARAH E. CLEVELAND *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 8, 1912. — February 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Negligence,* Street railway. *Way,* Public.

At the trial of an action against a street railway company by one who, while a traveller upon a highway in a city on which the defendant maintained tracks and ran its cars, was injured by falling into an insufficiently guarded trench which the plaintiff alleged that the defendant had assumed the duty of guarding, if there is evidence tending to show that, to facilitate the running of its cars, it was for the advantage of the defendant not to have barriers placed across its tracks and that there had been a conversation between a representative of the defendant and a contractor, who under a permit from the city was making the excavation, in consequence of which the defendant sent a watchman to guard the trench and provided wooden horses, planks and lanterns for that purpose, and that it was through negligence of the watchman that the plaintiff was injured, the question, whether the defendant was liable for the plaintiff's injury, is for the jury.

TORT for personal injuries caused by the plaintiff falling into an excavation in South Street in that part of Boston called Roslindale owing to the excavation not being properly guarded, it being alleged that the defendant had assumed the responsibility of keeping it guarded. Writ dated January 16, 1909.

In the Superior Court the case was tried before *Brown,* J. The material facts are stated in the opinion. At the close of the evidence the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*H. Dunham,* for the plaintiff.

*W. Kittredge,* (*M. J. Sullivan* with him,) for the defendant.

DeCourcy, J. The plaintiff's due care is conceded. Upon all the evidence the negligence of the defendant was also a question for the jury. Primarily it was under no obligation to guard this trench in the street. *Leary* v. *Boston Elevated Railway,* 180 Mass. 203. But if the railway company entered into an arrangement with the city, or with the contractor who was responsible to the city, to guard the trench, the duty of protecting travellers from the danger of an unguarded trench became the defendant's business. *Phinney* v. *Boston Elevated Railway,* 201 Mass. 286.

The trench extended from the side of the street to about two feet under the nearest car track. The earth taken from the excavation was heaped along both sides of the trench, and extended from the building through the sidewalk and street to within two or three feet of the nearest rail. The space between the end of these piles of dirt and the end of the trench within the rails could not be guarded by barriers without preventing the passage of the electric cars. Consequently the defendant's interest suggested the adoption of some method whereby the opening in the public street should be made safe for travellers without compelling it to remove and replace barriers every time that one of its cars passed. It was in evidence that the watchman whose duty it was to guard the trench had been sent there by the defendant in consequence of a conversation held between the contractor and some person representing the defendant company. And it further appeared that the railway company also provided, for use in guarding the trench, two wooden horses, two red lanterns and some planks. Upon all the evidence it was a question of fact for the jury whether the defendant had agreed to relieve the city and contractor from guarding the excavation at the place of the accident and had assumed the duty of protecting travellers from the danger. *Boucher* v. *New York, New Haven, & Hartford Railroad,* 196 Mass. 355, 358.

There was evidence of negligence on the part of the watchman. He saw the plaintiff approaching the unguarded excavation, but was away from his post and his lantern was extinguished.

*Exceptions sustained.*