GEORGE GRIER *vs.* JOHN GUARINO.

Suffolk.    March 6, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence,* In failing to brace sides of trench, Due care of plaintiff. *Practice, Civil,* Conduct of trial: requests and rulings.

In an action by a plumber, who was employed by a city to connect water supply pipes of houses with water mains, against a contractor who had dug a trench in which a water main had been laid by him, for injuries from the caving in of a side of the trench upon the plaintiff when he was connecting a house supply pipe with the main pipe, if it appears that the character of the soil in which the trench was dug was such as to require bracing and that it was customary to brace such trenches, but that no bracing was used, although before the accident the defendant had been warned of the danger of the sides of the trench·

caving in, and if it further is shown that the contract of the defendant with the city required him to "furnish and put in place such bracing and sheathing as may be required to support the sides of the trenches," it can be found that the caving in of the trench was the result of the negligence of the defendant in failing to brace its sides, the duty of the defendant to provide such protection being owed, not only to his own workmen, but also to the plaintiff and other employees of the city who were obliged to work upon the pipes in the trench.

A plumber, whose work of connecting water supply pipes of houses with water mains requires him to be for a short period in a trench where a main water pipe has been laid by a contractor, and who knows nothing about the time that the trench has been dug or what work has been done on its sides, when sent by his foreman to connect a house pipe with the pipe in the trench has the right to rely to some extent on the assumption that proper measures have been taken for the safety of men obliged to do work in the trench, and, if he is injured by the caving in of a side of the trench, he cannot be said as matter of law to have been wanting in due care.

It is proper for a presiding judge to refuse to make a ruling as to the legal effect of a selected part of the controverted evidence in the case on trial.

TORT, by a plumber and tapper in the employ of the city of Boston, for personal injuries sustained on November 11, 1909, from the caving in of a trench, dug by the defendant under a contract with that city for laying a main water pipe, while the plaintiff was engaged in performing his duty of connecting the supply pipes of houses and 'stores with such main pipe on Washington Street in that part of Boston called Forest Hills. Writ dated November 17, 1909.

In the Superior Court the case was tried before *Wait*, J. The essential facts which could have been found upon the evidence are stated in the opinion.

At the close of the evidence the defendant asked the judge to make certain rulings, of which those that are mentioned in the opinion were as follows:

"1. On all the evidence the plaintiff is not entitled to recover."

"3. The defendant was under no obligation towards the city's employees to cause the sides of the trench to be braced or held in place by sheeting [sheathing]."

"7. If the superintendent and inspector employed by the city of Boston in charge of work in the trench being done by the city was in the habit of placing jacks or braces across the trench for the protection of the employees of the city or of requesting the defendant or his superintendent to brace the place, and the city employees including this plaintiff looked to the city inspector to

brace the trench when they entered it or to give notice to the defendant or his superintendent to brace it, and no notice was given to the defendant or his superintendent, the defendant would not be liable to the plaintiff for a falling of the trench if the defendant and his superintendent did not know the bank was likely to fall and a reasonably prudent man would not have deemed it proper to brace it."

"10. If the jury believe the testimony of the witness Bocuzzi, and find that the facts are that he was in the trench when the plaintiff came along and told him to get out of the way so that he could enter the trench at that point and connect the supply pipe, and the witness told him in substance that the trench there was in a dangerous condition and likely to cave in on him, and in spite of this the plaintiff insisted on going into the trench and displacing the witness there, saying he would not be there long, the jury must find that the plaintiff took his chances of the bank falling down on him and cannot recover."

The judge refused to make these rulings, as well as certain others which were held by this court to have been covered by his charge, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $700. The defendant alleged exceptions, including an exception to the admission in evidence of the contract between the defendant and the city of Boston.

*H. R. Scott,* for the defendant.

*J. M. Graham,* for the plaintiff.

DE COURCY, J. The trench in which the plaintiff was working when he was injured was about one hundred and fifty feet long, two and one half feet wide, and between six and seven feet deep; and a sixteen-inch water pipe was being laid therein. A cross trench extended from the sidewalk to this main trench; and at the junction of the two the plaintiff was connecting the house supply pipe with the main pipe, when the earth at the corner of the bank fell in and crushed him.

The defendant's first request was rightly refused, as there was evidence for the jury of the defendant's negligence and of the plaintiff's due care. As to the former it could be found on the evidence in the case that the earth at that place was "filled land," composed of light, sandy soil, and at the corner that caved in was weighted down by the heavy macadam that had been removed

from the surface of the street; that it was customary to brace such trenches, but that no bracing was in fact used and no material therefor provided although the defendant had been advised of the danger before this accident. It was incumbent on the defendant, under the contract between him and the city of Boston, to "furnish and put in place such bracing and sheathing as may be required to properly support the sides of the trenches;" and his duty extended not only to his own employees but to the plaintiff and other employees of the city who were obliged to work upon the pipes in the trench. *Cleveland* v. *Boston Elevated Railway,* 211 Mass. 75.

We cannot say as matter of law that the plaintiff was not in the exercise of due care, whatever we might decide if considering his testimony as jurors. His work required him to be in the trench for only a short period, and he knew nothing as to the length of time it had been dug, or the work that had been done on the bank. He was sent by his foreman to connect the pipes, and had a right to rely to some extent on the assumption that proper measures would be taken by the defendant for the safety of men who were obliged to do their work in the trench. *Lynch* v. *Allyn,* 160 Mass. 248. *Hennessy* v. *Boston,* 161 Mass. 502. *Bartolomeo* v. *McKnight,* 178 Mass. 242. *Gile* v. *J. W. Bishop Co.* 184 Mass. 413.

The contract between the defendant and the city was rightly admitted in evidence, and it is apparent from its provisions that the third request was refused rightly. The seventh and tenth selected for special comment some of the controverted evidence, and these the judge was not called upon to give. The subject matter of the other requests was covered in a manner that fully protected the defendant's rights.

*Exceptions overruled.*