ANDREW NICHOLSON *vs.* HENRY A. FEINDEL.

Middlesex. November 19, 1914. — December 29, 1914.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence*, Employer's liability.

In an action by a teamster against his employer for personal injuries from being thrown to the ground by the breaking down of a heavily loaded wagon, it could have been found that the defendant had ordered the plaintiff to take a pair of the defendant's horses and haul the wagon loaded with lumber to a certain city, that the defendant was present when the wagon was loaded and stopped the men from putting on any more lumber, that, when the plaintiff had started and had stopped in front of the defendant's shop and had told the defendant that the load was a heavy one for the wagon, the defendant had told him that the load was all right, that later one of the hind wheels collapsed and caused the plaintiff's injury, and that the defective condition of the wheel could have been discovered by reasonable inspection, that the wagon was overloaded and that the weight upon it was excessive and unreasonable. The jury returned a verdict for the plaintiff, and, upon exceptions alleged by the defendant to the refusal of the presiding judge to give certain instructions to the jury as requested by him, it was *held* that no error was shown in the manner in which the judge dealt with the defendant's requests for instructions.

TORT for personal injuries sustained on April 27, 1912, when the plaintiff was in the employ of the defendant as a teamster and was ordered by the defendant to drive a pair of horses attached to a wagon loaded with lumber from Wakefield to Melrose, by reason of the breaking down of the wagon whereby the plaintiff was thrown to the ground and injured. Writ dated January 27, 1913.

The material counts of the declaration are described in the opinion.

In the Superior Court the case was tried before *Hardy*, J. The evidence is described in the opinion. During the trial the judge stated to the counsel in substance that the defense of assumption of risk was not open to the defendant because not pleaded.

At the close of the evidence the defendant asked the judge for the following instructions to the jury, besides others which were given as requested:

"4. That the defendant had a right to assume that the plaintiff had driven carefully from the place of loading to the place of inspection, unless it was obvious to the defendant that the plaintiff had not driven carefully."

"7. That the plaintiff cannot recover, if the jury find that according to common experience the cause of the accident may as reasonably be attributed to a condition for which the defendant was not responsible as to a condition for which the defendant was responsible.

"8. That the plaintiff assumed the obvious risk of the business of his employment, whether such risks are actually known or may have been known by the plaintiff by proper inspection and care.

"9. That the fact that the plaintiff consented to undertake the work, if the jury so find, reluctantly and even under threat of dismissal does not save the plaintiff from assuming the obvious risk of the work in which he was engaged.

"10. That if the jury find that the plaintiff was furnished by the defendant with an improper and unsafely loaded wagon, and if the jury find that the plaintiff fully comprehended its defects and realized the nature and extent of the danger which would arise from its use and voluntarily without compulsion or exigence, intelligently and intentionally proceeded to use this wagon, then the plaintiff must abide the consequence and the defendant is not liable.

"11.   That if the jury find that, after the wagon and load had been inspected by the defendant, the plaintiff did not drive in a reasonable careful manner, having in mind any rough and uneven portions of the road and the extra risk when driving on or across railroad tracks, and if the jury find that such careless driving weakened the wheel which broke so that it was less safe than when the wagon was last seen by the defendant, and if the jury find that this wheel was weaker than it would have been if the plaintiff had driven carefully, then the plaintiff cannot recover for an accident caused by the breaking of this wheel.

"12.   That if the jury find that after the wagon was loaded and before the plaintiff came to the defendant with the loaded wagon, the plaintiff chose to drive over a steep and rough piece of road, when he might as conveniently have driven over a smooth road, and if the jury find that such driving probably did materially weaken the wheel which broke later causing the accident, and if the plaintiff did not inform the defendant that he had driven over this rough and steep road, and such weakening of the wheel which broke was hidden and not apparent to the defendant, then the plaintiff cannot recover.

"13.   That if the jury find that the plaintiff concealed from the defendant any condition of the wagon known to the plaintiff and unknown to the defendant and not obvious to the defendant on proper inspection, or if the plaintiff concealed from the defendant any act of the plaintiff which act should fairly have been reported to the defendant so that the defendant might better know the condition of the wagon as loaded, and on account of this conceal-ment the defendant did not know the true condition of the wagon as loaded, when he examined it, and if the jury find that this con-cealed condition was the probable cause of the accident, then the plaintiff cannot recover."

"15.   That if the jury are unable to say whether the accident was caused by the negligence of the defendant or because of the manner in which the plaintiff drove, if they find it was a careless manner, then the plaintiff cannot recover.

"16.   If the jury find that the plaintiff while driving the loaded wagon had a choice of two equally convenient roads to reach his destination, and the plaintiff knowingly and voluntarily chose the more dangerous road and the accident was caused by extra

strains of the wheel which broke, caused by using the more dangerous road then the plaintiff cannot recover."

The judge refused to give any of these instructions in the terms requested and dealt with them in the manner described in the opinion. He submitted the case to the jury on the first and third counts as there described.

The jury returned a verdict for the plaintiff in the sum of $200; and the defendant alleged exceptions.

*E. K. Bowser,* for the defendant.

*G. M. Poland,* for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff while in the employ of the defendant as a teamster. The presiding judge ruled that the plaintiff could not recover under the second count, and the case was submitted to the jury upon the first and third counts. The first count alleged that the defendant negligently failed to furnish the plaintiff with a safe and proper wagon with which to perform his work and negligently overloaded it, by reason of which it broke and the plaintiff was injured. The third count alleged that the defendant negligently furnished the plaintiff with a defective wagon and negligently overloaded it and that the defendant negligently failed to inspect the wagon and the load upon it, whereby it broke and the plaintiff was injured. Both counts were for the same cause of action.

The wagon was not owned by the defendant, but was borrowed from the owner by one Patton, who had caused it to be loaded with old lumber which he desired to have carried from Wakefield to Melrose. It was in controversy as to whether the plaintiff was in the employ of the defendant in driving the team on the afternoon of the accident. The defendant testified that he told the plaintiff that he (the plaintiff) could use the defendant's horses, but that he had no wagon suitable for such a job. There was evidence to show that the defendant had nothing to do with hauling the lumber, and that the plaintiff was not in his employ at that time but had finished his work that day at noon.

On the other hand, the plaintiff offered evidence to show that the defendant ordered him in the course of his employment to take a pair of the defendant's horses and haul the wagon loaded with lumber to Melrose. There was further evidence to show

that the defendant was present when the wagon was being loaded, and that he stopped the men at that time from putting on any more lumber. This was denied by the defendant. The plaintiff testified that in driving toward Melrose with the loaded wagon he stopped in front of the defendant's shop, and that he told the defendant it was a heavy load for the wagon; that the defendant replied in substance that he thought the load was all right and that he (the plaintiff) was not obliged to drive the wagon if he did not want to do so.

In the course of the trip, while crossing an electric railway track, the right hind wheel of the wagon broke, causing the injury to the plaintiff complained of. There was evidence that some of the spokes in the wheel which collapsed were decayed, loose and broken in the hub, and that its defective condition could have been discovered upon reasonable inspection. There was also evidence from which it could have been found that the wagon was overloaded and that the weight upon it was excessive and unreasonable.

Without further reciting the evidence, we are of opinion that its weight was for the jury, and we do not understand that the defendant contends to the contrary; but he excepts to the refusal of the presiding judge to give certain instructions.

The record shows that the instructions upon all the questions upon which the parties were at issue were full and accurate. The defendant's seventh, eleventh and fifteenth requests were given in substance. The judge was not obliged to single out a portion of the evidence and instruct the jury upon its effect, and therefore there was no error of law in refusing the defendant's fourth and twelfth requests. *Grier* v. *Guarino*, 214 Mass. 411, 414. The defendant was not entitled to have the eighth, ninth and tenth requests given, in the language requested; besides an examination of the judge's charge shows that these requests were given in substance. The thirteenth request could not have been given because there was no evidence to warrant a finding that the plaintiff concealed from the defendant the condition of the wagon. The sixteenth was covered in substance by the instructions. The defendant contends that the presiding judge should have explained to the jury what was meant by the statement that the burden of proof is on the plaintiff, but none of the requests raise that ques-

·tion and it does not appear that any such request was made at the trial. No error is shown in the manner in which the judge dealt with the requests.

*Exceptions overruled.*