VIKING MANUFACTURING COMPANY *vs.* FRED M. SMITH.

Middlesex.    December 5, 1916. — January 20, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions, Rulings and instructions.

Where the presiding judge at a trial stated that he should make among others a certain ruling requested, but afterwards, apparently through inadvertence, did not give the ruling as an instruction to the jury, and where the instruction thus omitted related merely to the effect to be given to a particular piece of evidence, it was *held* that the excepting party suffered no legal harm by the failure of the judge to give the instruction, as the party asking for it had no right to have stated to the jury the opinion of the judge as to the effect of each piece of evidence without relation to the rest. Moreover, in the present case, it appeared that the question to which the evidence related had become immaterial.

CONTRACT to recover a commission alleged to be due to the plaintiff for effecting the sale of a Mercedes motor truck belonging to the defendant. Writ dated October 1, 1913.

In the Superior Court the case was tried before *Hitchcock,* J. The evidence is described in the opinion. At the close of the evidence the defendant, among other requests, asked the judge to make the following rulings:

"2. There is no evidence that the defendant authorized the employment of the plaintiff as his exclusive agent in the sale of the truck in question."

"4. On all the evidence the plaintiff was not the efficient cause of the sale of said truck."

The judge refused to make either of these rulings. He stated to the counsel that he adopted the other rulings requested by the defendant. In his charge to the jury he gave as instructions these other rulings except the seventh which he omitted to read or state to the jury. It was as follows: "7. The receipt given by the plaintiff to Harold Smith, dated August 5, 1913, is not evidence that the plaintiff was given the exclusive sale of said truck."

The material instructions of the judge are described in the opinion. The jury returned a verdict for the plaintiff in the sum of $1,031.62; and the defendant alleged exceptions.

*H. I. Cummings,* for the defendant.

*H. W. Ogden,* for the plaintiff.

PIERCE, J. The defendant admitted that his son, with his authority, placed a motor truck with the plaintiff for sale on condition that he should get $4,000 net and the plaintiff have all it could get over that sum for the sale of the truck. In the absence of the agent in charge of the place of business of the plaintiff, and without his consent, the defendant removed the truck from the shop of the plaintiff and sold it to the Everett Distilling Company for $4,500. There was evidence tending to show that the agent of the plaintiff, before the truck was taken away and sold by the defendant, had shown the truck to the agents of the Everett Distilling Company; that he took them out in it "for a demonstration," talking the merits of the truck for an hour and a half; that he "talked the truck up in good shape;" that he named the price and sold the car to them for $5,200, less $300 allowed for equipment. The declaration is in two counts for the same cause of action: the first, setting out in substance the agreement, a sale to the Everett Distilling Company and a consequent indebtedness of $900 to the plaintiff; the second count is upon an account annexed claiming to recover $900.

At the close of the evidence the defendant asked the judge to rule and to instruct the jury that "(4) On all the evidence

the plaintiff was not the efficient cause. of the sale of said truck." This request the judge refused to give, and the defendant excepted.

Upon the issue of efficient cause, the judge, after stating "that, if a person places property in the hands of another for sale, and that person procures a purchaser who is ready to take the property on the terms stated, he then has earned his commission, he has earned his compensation, and the owner of the property cannot take it out of the hands of the broker or agent and thereby deprive him of his commission; but if, while it is in the hands of the broker or agent for sale the owner of the property sees fit to take it out of his hands, he has a perfect right to do so provided he does it in good faith, and provided he does not intend to take advantage in any way of the work the broker has done and make a sale of the property to a party with whom the broker may have had negotiations. A person owning property may, of course, put it into the hands of a broker or agent to sell and give him the exclusive right to sell. If he does that, then the owner himself has no right to make a sale, and if after leaving it with the broker he did make a sale the broker would be entitled to make the sale and have the benefits; but in the absence of any exclusive right, the owner of the property may sell the property if he can, and if the sale was made without any intervention or assistance or help on the part of the broker, of course the owner of the property would not be obliged to pay any commission," instructed the jury: "Now, those are the principles of law which underlie this case, which resolves itself into a question of fact as to whether the plaintiff in this case who, perhaps, may be referred to as a broker, did, in point of fact, deal with the purchaser of this property, and whether that dealing was the efficient cause of bringing about the sale? If it was, then he is entitled to his compensation. If the sale was made without him and he was not the efficient cause of bringing about the sale, then the defendant is entitled to a verdict and the plaintiff would be entitled to recover nothing."

The instructions made clear to the jury that, to recover, the plaintiff must prove that its services were the really effective means, the predominating efficient cause, of bringing about the sale. *Whitcomb* v. *Bacon*, 170 Mass. 479. *French* v. *McKay*, 181 Mass. 485. *Cohen* v. *Ames*, 205 Mass. 186.

The defendant now waives this exception and contends that the ruling requested by him, "(2) There is no evidence that the defendant authorized the employment of the plaintiff as his exclusive agent in the sale of the truck in question," should have been given. This request, and those numbered "3" and "6," undoubtedly are founded upon the propositions that the son of the defendant, Harold Smith, was an agent of special and limited authority; *Coddington* v. *Goddard,* 16 Gray, 445; *Harrigan* v. *Dodge,* 216 Mass. 461; that a special agent cannot bind his principal by acts beyond the scope of the authority actually given the agent; that persons dealing with a special agent act at their peril as to the extent of his authority; *Snow* v. *Perry,* 9 Pick. 539; *Mussey* v. *Beecher,* 3 Cush. 511; *Stollenwerck* v. *Thacher,* 115 Mass. 224; *Norton* v. *Nevills,* 174 Mass. 243; and that a special agent cannot enlarge his authority by his own statement so as to bind his principal. *Stollenwerck* v. *Thacher, supra.* These rules are inapplicable where, as in the case at bar, the jury were warranted, if they believed the testimony, in finding that the agent of the defendant undertook to confer an exclusive right; and, if they disbelieved the testimony of the principal and agent, in finding that the agent had the authority of his principal and acting under it made the exclusive agreement with the person asserting rights under it.

The request to rule that "The receipt given by the plaintiff . . . [in the form requested by the defendant] dated August 5, 1913, is not evidence that the plaintiff was given the exclusive sale . . ." was not given, although the judge stated he should do so. This was manifestly an inadvertence; but, as the defendant was not entitled to the opinion of the judge upon the effect to be given to a part of the testimony without relation to its setting, the defendant suffered no legal harm. *Grier* v. *Guarino,* 214 Mass. 411. *Nicholson* v. *Feindel,* 219 Mass. 490.

To find for the plaintiff as they did, the jury under the above quoted instructions must have found that the efforts of the plaintiff were the efficient and predominant cause of the sale. It follows that the defendant was not harmed if it be true, as he contends, that "the entire matter of the alleged exclusive agency was not adequately dealt with by the court."

The rule as to damages was correctly given by the judge and we

find no error in his treatment of this issue. *Tangney* v. *Sullivan,* 163 Mass. 166.

We have examined every contention presented in the brief of the defendant and find no reversible error.

*Exceptions overruled.*