LAWRENCE WHITCOMB & another *vs.* JEROME A. BACON.

Suffolk.    January 19, 1898. — March 7, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Broker's Commission — Action — Instructions.*

Where a broker does not have the exclusive sale of real estate, he does not entitle himself to a commission merely by showing that his efforts and services were one cause amongst others which contributed to bring about the sale, and that but for them the sale would not have been made, but he must go further and show that his efforts and services were the effective or the predominating efficient means of bringing about the sale.

CONTRACT, to recover a commission on a sale of real estate in Boston. Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

About July 20, 1895, the defendant employed the plaintiffs to sell a certain building in Boston, telling them that he wished to

sell it within ten days, as he needed money for a special purpose, and that he would put it exclusively in their hands for sale. At the end of the ten days, a sale not having been made, the defendant told the plaintiffs he had obtained the money he needed for the special purpose, but that he wished the plaintiffs to continue to try to sell the property, fixing no limit as to time. Thereafter the plaintiffs, or their employee, made various efforts to sell the property, particularly to one Arioch Wentworth, who was a large owner of real estate, and well known to brokers as a man likely to buy real estate like that in question. Finally, an employee of the plaintiffs, one Parker, who had the matter in hand, told the defendant that he thought Wentworth would give $66,000 for the property. The defendant said he would take $66,000. This was communicated to Wentworth, who told Parker that he had examined the building, and found that it was not as available for use in connection with an adjoining building owned by him as he had supposed, and that therefore he would not give $66,000 for it, but possibly might give $63,000 if the property were offered to him at that price. The defendant refused to sell at that price. This was during the last of August. Nothing further was done by the plaintiffs, or their employees, with Wentworth, except that Parker afterward, when seeing him in regard to another piece of property, told Wentworth, who brought up the subject of the defendant's property, that he thought he was about to make a sale of the latter; that he had an offer of $65,000 for it, and that he expected the seller and buyer would meet half way, and that there seemed to be only $1,000 between them. He had no other interview with Wentworth after this, prior to the sale of the property. The property was sold on September 12 to Wentworth by a broker named Bowker, who had been familiar with the property for years, and had known Wentworth for a long time. Bowker testified, and this was uncontradicted, that, having learned the property was for sale, he saw the defendant, and afterward Wentworth, with whom he had several interviews. Finally, Wentworth told Bowker that, if he could get the property for $63,000, to come and see him. Bowker then saw the defendant, and told him he could get $63,000 if the defendant would sign an agreement of sale. The defendant did so; the sale was consummated; and the

defendant paid Bowker a commission. This took place on September 11 and 12. Wentworth testified that, when he had his last interview with Parker, the latter said that another man stood ready to take the property, and Wentworth replied, " Very well, I am done "; and that he never gave Parker any price which he would pay for the property. The plaintiffs received from the defendant, on September 13, a letter stating that he withdrew the property from their hands.

The judge refused to give certain rulings requested by the defendant, and gave certain instructions to the jury which are recited in the opinion.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*G. D. Burrage,* for the defendant.

*S. L. Whipple,* ( *W. R. Sears* with him,) for the plaintiffs.

ALLEN, J. It has been held by us in two recent cases that a broker who does not have the exclusive sale of real estate does not become entitled to a commission merely by bringing the property to the attention of the person who finally buys it, but he must also show that his services were the efficient or effective means of bringing about the actual sale. *Dowling* v. *Morrill,* 165 Mass. 491. *Crowninshield* v. *Foster,* 169 Mass. 237. Where two or more brokers are employed, there is no implied contract to pay more than one commission, and it therefore becomes necessary to lay down a rule for determining which one of different possible claimants is entitled to be paid. A similar rule exists in the law of insurance, stated thus in Phil. Ins. (5th ed.) § 1132 : " In case of the concurrence of different causes, to one of which it is necessary to attribute the loss, it is to be attributed to the efficient predominating peril, whether it is or is not in activity at the consummation of the disaster." And again, in § 1137 : " If, where different parties, whether the assured and the underwriter, or different underwriters, are responsible for different causes of loss, which concur in the loss, and the damage by each cause cannot be distinguished, the party responsible for the predominating efficient cause, or that by which the operation of the other is directly occasioned as being merely incidental to it, is liable to bear the loss." This latter rule is expressly accepted as correct in *Howard Ins. Co.* v. *Norwich &*

*New York Transportation Co.* 12 Wall. 194, 199, the court saying, " When there are two concurrent causes of a loss, the predominating efficient one must be regarded as the proximate, when the damage done by each cannot be distinguished." In determining what constitutes proximate cause, the same considerations apply equally in actions of contract and of tort. *New York & Boston Despatch Express Co.* v. *Traders & Mechanics' Ins. Co.* 132 Mass. 377. It may be that there are different causes which assist in producing a result, and that the result would not have happened if either one of the different causes had been wanting. A familiar example is found in cases where there has been a delay by a carrier in transporting goods, which are afterwards destroyed by flood or fire. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304. *Denny* v. *New York Central Railroad,* 13 Gray, 481. *Memphis & Charleston Railroad* v. *Reeves,* 10 Wall. 176. So where several brokers have each endeavored to bring about a sale which finally is consummated, it may happen that each has contributed something without which the result would not have been reached. One may have found the customer who otherwise would not have been found, and yet the customer may refuse to conclude the bargain through his agency; and another broker may succeed where the first has failed. In such a case, in the absence of any express contract, that one only is entitled to a commission who can show that his services were the really effective means of bringing about the sale, or, to use the language of Phillips, the predominating efficient cause.

The instructions of the learned judge to the jury laid special stress on the inquiry whether the sale would have been made but for the efforts of the plaintiffs. He said : " The real question is here, whether you are satisfied that this sale to Wentworth would not have been made but for the efforts which the plaintiffs had made to induce him to buy it. That is the real question." And afterwards : " The real question is, and it is the crucial question in my judgment, whether the sale would have taken place without the efforts made by the plaintiffs. If it would, then the plaintiffs have not made the sale, and they cannot recover the commission unless they have. If, however, you are satisfied this sale as made would not have taken place unless the plaintiffs had done what they did, and that what they had done

was at the time of the sale an operating cause, not the sole cause, but one of the controlling causes of the sale, (and the burden is upon the plaintiffs to satisfy you of that,) then the plaintiffs can recover." This rule, as it seems to us, would allow two brokers to recover commissions upon the same sale. There might be another broker whose services were equally meritorious and essential in producing the result. But in such a case it is not enough to show that one of several causes stood in such a relation to the result that without it the result would not have happened, and that it was one cause amongst others which assisted or contributed in producing it. It becomes necessary to make a discrimination between the causes, and to ascertain which is the particular cause that can be called the efficient or effective one. In addition to the cases cited in *Dowling* v. *Morrill*, 165 Mass. 491, see *Michigan Central Railroad* v. *Burrows*, 33 Mich. 6, 15 ; *Behling* v. *Southwest Penn. Pipe Lines*, 160 Penn. St. 359 ; *Romney Marsh* v. *Trinity House*, L. R. 5 Ex. 204 ; discussing questions of *causa causans*, as distinguished from *causa sine qua non*.                    *Exceptions sustained.*