GEORGE R. DUNCAN *vs.* JOHN KEARNEY.

First Judicial District, Hartford, January Term, 1900.   ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The question as to what was the procuring cause of a sale is ordinarily
  one for the determination of the trial court as an inference or con-
  clusion of fact from all the evidence in the case.
Such inference or conclusion unless manifestly unreasonable will not be
  reviewed by this court upon appeal.
The facts in the present case reviewed and *held* to warrant the finding
  of the trial court that the sale in question resulted from the infor-
  mation furnished by the plaintiff.

Argued January 3d—decided February 13th, 1900.

ACTION to recover the amount of a real estate broker's com-
mission, brought originally before a justice of the peace and
thence by the defendant's appeal to the Court of Common
Pleas in Litchfield County and tried to the court, *Brad-
street, J.;* facts found and judgment rendered for the plain-
tiff, and appeal by the defendant for alleged errors in the
rulings of the court.   *No error.*

The case is sufficiently stated in the opinion.

*Wellington B. Smith* and *Frank B. Munn,* for the appel-
lant (defendant).

*William W. Bierce,* for the appellee (plaintiff).

HAMERSLEY, J.   The defendant owned a house on Pros-
pect street in Torrington, and in November, 1898, placed it
in the hands of the plaintiff, a real estate broker, for sale at
the price of $2,500, agreeing to pay two and one half per
cent commission and reserving the right to sell the property
himself if he should find a customer.   The house was sold
the following January to one Frank Smith, for $2,500, which
sum was paid to the defendant.   The question in dispute
is whether the plaintiff was the procuring cause of that sale.
It appears that in December, 1898, the plaintiff called the

attention of said Smith to the defendant's house on Prospect street, and advised him to buy it and to see the defendant in regard to its purchase. Afterwards Smith examined a house on Prospect street, and authorized one E. H. Talcott to negotiate with the defendant in regard to its purchase. Negotiations between Talcott and the defendant followed, resulting in the defendant giving Talcott a bond for a deed agreeing to convey his house on Prospect street to Talcott on payment of $2,500. Talcott then informed Smith that he had closed the negotiation, and that he would get him a deed from the defendant on payment of the purchase price. Thereupon Smith procured the purchase money and went with Talcott to examine the house. It was then discovered that the house on Prospect street first examined by Smith was not the house the defendant had agreed with Talcott to sell. It does not clearly appear whether the mistake arose through a misunderstanding as to the description, between the plaintiff and the defendant, or between the plaintiff and Smith, or between Smith and Talcott; but however this may be, the result is the same. Smith at first refused to accept the deed, but after hearing Talcott's representations and his advice that the premises were well worth the money, he decided to complete the purchase; and a few days afterwards Talcott paid $2,500 to the defendant, who, by Talcott's direction, conveyed the premises to Smith.

On this state of facts the trial court found that the plaintiff was the procuring cause of the sale. The question was one of fact, and we cannot say that the inference drawn by the court is an unreasonable one. *Hoadley v. Savings Bank of Danbury*, 71 Conn. 599, 608, 609.

It is claimed that there was an error in law, in not treating the sale to Smith as in truth made by Talcott rather than by the defendant. Talcott was the agent of Smith, and, whether or not the original authority given him was broad enough to cover the actual negotiation, the approval and confirmation by Smith of what had been done, with full knowledge of all the facts, was a sufficient ratification of the agreement made in his behalf; so that in paying the money to the defendant

and in directing the conveyance to be made to Smith, Talcott acted within his authority as Smith's agent to buy the defendant's house on Prospect street. *Johnson* v. *Smith*, 21 Conn. 627, 635; *Shoninger* v. *Peabody*, 57 id. 42, 47. The sale was therefore one from the defendant to Smith, and the trial court might reasonably find the information given Smith by the plaintiff, that the defendant's property on Prospect street was for sale, with the advice to see the defendant in regard to its purchase, to be the foundation on which the negotiation resulting in such sale was begun, notwithstanding the mistake as to the description of the land, which was corrected and did not prevent the consummation of the sale contemplated by the contract between plaintiff and defendant.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.