## JOHN J. MURPHY *vs.* JOHN J. LINSKEY.

Third Judicial District, New Haven, January Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

To entitle a real-estate broker to a commission for the sale of his principal's property, he must, unless otherwise expressly agreed, show that he procured a customer ready, willing and able to purchase upon terms prescribed or accepted by the owner.

Where each of two or more brokers contribute something to the resulting sale, only that one whose efforts have been the predominating efficient cause of the sale is entitled to the commission.

In the present case it appeared that the plaintiff broker had authority—though not exclusive—from the defendant owner to effect a sale of his property; that he first approached the ultimate buyer through the latter's agents, and thus brought him into the field as a possible purchaser; and that a sale to him upon terms satisfactory to the owner was in fact consummated some three weeks later. *Held* that while these facts were deserving of consideration in passing upon the plaintiff's claim to a commission, they were by no means decisive of his right to it as being the procuring cause of the sale.

It further appeared that after the plaintiff's participation in the negotiations ceased, another broker or active negotiator, one *C*, brought the parties together personally, and that then, under his direction, the buyer made his first offer for the property, the parties agreed upon terms, the deed was executed and delivered, and the full commission was paid to *C*. *Held* that while it was open to the plaintiff to prove, if he could, that these appearances favoring *C's* right to the commission were deceptive, and that his own influence and efforts were carried over, into and through the negotiations and actions of others and into the final outcome, so potently and predominately as to entitle him to be regarded as the procuring cause of the sale,—the jury could not act upon mere conjecture or surmise in sustaining these claims of the plaintiff, and that inasmuch as the evidence furnished no basis for anything more substantial, the trial court did not err in setting aside a verdict for the plaintiff.

The question of which one of two brokers participating in the negotiations, procured the sale, is one of fact for the determination of the jury.

Argued January 22d—decided March 5th, 1920.

ACTION to recover a broker's commission for effecting a sale of the defendant's real estate, brought to the Superior Court in New Haven County and tried to the jury before *Keeler, J.;* verdict for the plaintiff for $1,538, which the trial court, upon motion of the defendant, set aside as against the evidence, and from this ruling the plaintiff appealed. *No error.*

*Ulysses G. Church,* for the appellant (plaintiff).

*Clayton L. Klein,* for the appellee (defendant).

PRENTICE, C. J. The jury were amply justified by undisputed evidence in finding, as their verdict imports that they did, that the plaintiff, a real-estate broker, entered into a contract of employment, not exclusive, with the defendant, whereby he was authorized to sell the property in question for $75,000 and promised a commission of two per cent were he successful in effecting a sale. They were likewise justified in finding that the plaintiff, immediately following this employment, instituted efforts looking to the purchase of the property by one whom he regarded as a promising prospective purchaser. The plaintiff's testimony and that of those whom he approached in the prosecution of these efforts are in irreconcilable conflict with respect to what transpired in the interviews between them, but whatever was then said or done, the situation down to the early days of August, 1917, remained, as all who testified agreed, that the defendant continued firm in his asking price of $75,000; that no offer of purchase of any kind had been made; and that no word holding out hope of a possible future offer was ever uttered, beyond a statement by one of the prospective buyer's agents, testified to by the plaintiff and denied by the agent, that if the defendant would consider an offer of

$60,000, he, the agent, would see if he could get his people to make it. At this point the plaintiff's efforts and all participation by him in negotiations looking to the consummation of a sale ceased. He so testified, and, further, that he was wholly ignorant of subsequent proceedings in the matter until he read in a newspaper that the property had been conveyed to the agent of the prospective purchaser last referred to. This information proved to be accurate, and subsequent inquiries disclosed that the conveyance was made on August 22d, 1917, that the price received by the defendant was $70,000, and that the conveyance was taken in the name of the agent for his principal.

From this outline of the salient facts of the case, in full accord in all its essential features with the plaintiff's testimony, it is apparent that he could not establish his claim to a commission upon the ground that the sale had been brought to a successful conclusion by his own unaided efforts. Particularly is this true when the testimony reveals the coming upon the scene of another broker and his active participation in the negotiations for and in the consummation of the bargain made and executed. If the plaintiff was entitled to a judgment for his commission, it must have been for the reason that he had shown that he was, notwithstanding the presence and activity of the last-named intermediary, the procuring cause of the sale. *Hoadley* v. *Savings Bank of Danbury*, 71 Conn. 599, 608, 42 Atl. 667.

To entitle a real-estate broker to claim from his principal a commission for the sale of the latter's real estate, he must, in the absence of an express contract to a different effect, show that he procured a purchaser ready, willing and able to buy upon terms prescribed or accepted by its owner. *Commander* v. *Lawler*, 94 Conn. 125, 126, 108 Atl. 537; *Ritch* v. *Robertson*, 93

Conn. 459, 463, 106 Atl. 509; *Butler* v. *Ouwelant,* 90 Conn. 434, 438, 97 Atl. 310.

Where two or more brokers without exclusive authority to sell, play some part in a transaction of sale, each contributing something to bring about the resulting sale, each is not entitled to a commission or to share in the commission paid. Some one of them is entitled to it, and he the one who deserves to be regarded as the procuring cause of the sale by reason of his efforts having been an efficient proximate cause in its accomplishment, or, as otherwise expressed, the "predominating efficient cause" of such accomplishment. *Whitcomb* v. *Bacon,* 170 Mass. 479, 481, 49 N. E. 742; *Votaw* v. *McKeever,* 76 Kan. 870, 875, 92 Pac. 1120.

The plaintiff appears to have succeeded in establishing that he was employed by the defendant to effect a sale of the property, that he first approached the ultimate buyer through the latter's agents, and thus brought him into the field as a possible purchaser, and that a sale to him upon terms satisfactory to the owner was in fact consummated. These are facts deserving of consideration in passing upon his claim to a commission, but they are by no means decisive of his right to it as being the procuring cause of the sale. That cause may be found elsewhere. *Rosenfield* v. *Wall,* 94 Conn. 418, 109 Atl. 409. "A broker who does not have the exclusive sale of real estate does not become entitled to a commission merely by bringing the property to the attention of the person who finally buys it, but he must also show that his services were the efficient or effective means of bringing about the actual sale." *Whitcomb* v. *Bacon,* 170 Mass. 479, 481, 49 N. E. 742. "The finding of a prospective purchaser is not the only service of the broker. A large part of his effort, perhaps the greater part, is in inducing either the purchaser to meet the seller's terms and price, or

the seller to make concessions in the terms to meet the purchaser's wishes." *Rosenfield* v. *Wall,* 94 Conn. 418, 109 Atl. 409.

Between the situation as it was on the first days of August, when the plaintiff's participation in the negotiations ceased, and as it became on August 22d, when terms of sale were agreed upon and the sale consummated, there is a wide chasm which has to be bridged if the plaintiff is to maintain his claim to having been the efficient cause of the sale; and it has to be bridged in such a way that it may satisfactorily appear that the influence of the plaintiff and his efforts were carried over, into and through the negotiations and action of others and into the final outcome so potently and predominately as to entitle him, notwithstanding that he had no personal connection with what was then said and done, to be regarded as the procuring cause of the sale for $70,000 which somehow was brought about.

Was it so bridged, and were the plaintiff's efforts and accomplishments antedating his cessation of effort so closely connected with the consummation of the sale that was later made, or so influential in bringing about that result, as to deserve to be regarded as the procuring cause of it? That question, fundamental to the plaintiff's case, presented an issue of fact for the jury, and went to them as such. As the verdict necessarily indicates, it was determined in the affirmative, and that determination must stand, if it is one which could reasonably have been arrived at upon the evidence. *Seward* v. *Seward & Son Co.,* 91 Conn. 190, 193, 99 Atl. 887; *Duncan* v. *Kearney,* 72 Conn. 585, 586, 45 Atl. 358; *Hoadley* v. *Savings Bank of Danbury,* 71 Conn. 599, 608, 42 Atl. 667.

An examination of the evidence discloses no testimony touching the events of the intervening time

above referred to, except such as reveals one Caine as an active negotiator between the parties, and as the man who brought the buyer and seller together, both personally and in the matter of the terms of sale, and whose presence was not withdrawn until, the deed having been delivered and the transactions closed, he disappeared from the scene with the defendant's commission check for $1,400 in his pocket. It would appear, superficially at least, that some radical change in the attitude of the parties had been wrought during this period by someone, or through influences set in motion or brought to bear by someone. When the plaintiff last had to do with them they had not met, were standing aloof from each other, and apparently were so wide apart in their figures that further harmonizing efforts had little promise of success in them. Now, three weeks later, with Caine upon the scene, they are found together, their apparent differences harmonized and a conveyance upon terms agreed upon in the making. If there was such a change in the attitude of the parties, as these outward appearances would seem to indicate, and someone had in those weeks been instrumental in bringing it about, the plaintiff certainly was not, upon his own testimony, that person.

The plaintiff, however, contends that these appearances are deceptive, and that the facts were that the purchaser was from the beginning, or at least before August, desirous of purchasing the property and willing to pay what he subsequently did pay, and that he was, during the time the plaintiff's negotiations were in active progress, merely waiting for the best available terms and a favorable opportunity to close the deal upon such terms, and that Caine's appearance furnished such opportunity, which he either seized or brought about. So it is, as he urges, that he was the

procuring cause in that he produced a person who either was originally ready, willing and able to buy upon terms acceptable to his principal, or was early brought into that attitude through his efforts, and who in fact did buy upon such terms.

Were the facts upon which this reasoning is predicated established, its conclusion might well by reasonable inference follow. The difficulty which the plaintiff has to face, however, is that the evidence furnished the jury no more substantial foundation for many of the facts than bald speculation and conjecture, and that, too, speculation and conjecture based upon subordinate facts whose existence was not otherwise established than by the uncorroborated and much contradicted testimony of the plaintiff alone. We fail to discover substantial grounds for holding that the trial court erred in setting aside the verdict. *Loomis* v. *Perkins*, 70 Conn. 444, 447, 39 Atl. 797.

There is no error.

In this opinion the other judges concurred.