## THE BRIDGEPORT LAND AND TITLE COMPANY *vs.* JERVIS LANGDON ET AL., EXECUTORS.

Third Judicial District, Bridgeport, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Where each of two or more real-estate brokers contributes something to a sale, only that one whose efforts have been the predominating efficient cause of the sale is entitled to the commission.

In the present case the plaintiff, a broker employed without exclusive authority to sell defendants' property for $40,000, interested G in the purchase thereof, but the negotiations terminated when G's highest offer of $25,000 was rejected by the defendants. Two weeks later, G purchased the property for $30,000 through another broker, and the plaintiff brought this action for a commission. *Held* that in the absence of proof of bad faith on the part of the defendants, the trial court properly set aside a verdict for the plaintiff.

Argued October 30th—decided December 1st, 1924.

ACTION to recover a commission for procuring a customer for the defendants' real estate, brought to the Superior Court in Fairfield County and tried to the jury before *Ells, J.;* verdict for the plaintiff, which the trial court, upon motion of the defendants, set aside as against the evidence, and from this decision the plaintiff appealed. *No error.*

*Frank L. Wilder*, for the appellant (plaintiff).

*Raymond E. Hackett*, for the appellees (defendants).

PER CURIAM. Taking the evidence as the plaintiff claims it, the plaintiff was employed by the defendant executors to find a customer for the property known as "Stormfield" at the price of $40,000, and was at great labor and expense in attempting to do so. In Novem-

ber, 1922, the plaintiff interested Mr. Given, the ultimate purchaser, but the negotiations terminated because the customer offered $25,000, and the plaintiff held out for $45,000. Plaintiff submitted Mr. Given's offer of $25,000 to the executors and they refused it. Nothing more was done by the plaintiff in attempting to bring the parties together on a price.

Mr. Given at that time abandoned negotiations for the purchase of "Stormfield" and looked at other properties in company with a New York real-estate broker from whom he learned that "Stormfield" was listed with his firm also. About two weeks after the offer of $25,000 was rejected, negotiations for the purchase of "Stormfield" were renewed through the New York brokers, and by their efforts, without any assistance from the plaintiff, a sale was effected for $30,000 from the defendant executors to Mr. Given on or about December 19th, 1922. There is no allegation that the plaintiff had been given the exclusive sale of the property and no claim that the executors, in negotiating with the New York brokers, acted in bad faith or with a view to depriving the plaintiff of an opportunity to earn a commission.

When the negotiations between the plaintiff and the purchaser ceased, the seller and the prospective buyer were $15,000 apart, and the testimony clearly shows that it was not the plaintiff but the New York brokers who succeeded in bringing the parties together. The law applicable to such a state of facts is well settled.

In *Rosenfield* v. *Wall*, 94 Conn. 418, 109 Atl. 409, a judgment for the plaintiff broker was set aside, and in *Murphy* v. *Linskey*, 94 Conn. 475, 109 Atl. 412, the action of the trial court in setting aside the verdict for the plaintiff broker was upheld; and in each case upon a state of facts identical in principle with the case at bar. In the latter case the rule is stated as follows, on p. 478:

"Where two or more brokers without exclusive authority to sell, play some part in a transaction of sale, each contributing something to bring about the resulting sale, each is not entitled to a commision or to a share in the commission paid. Some one of them is entitled to it, and he the one who deserves to be regarded as the procuring cause of the sale by reason of his efforts having been an efficient proximate cause in its accomplishment, or, as otherwise expressed, the 'predominating efficient cause' of such accomplishment."

There is no error.