## MILES COMMANDER *vs.* JOHN J. LAWLER.

First Judicial District, Hartford, October Term, 1919.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CURTIS, JS.

To entitle a real-estate broker to a commission, two essentials must concur: first, he must prove an employment, express or implied, to effect a sale; and second, the execution of such employment to the extent of procuring a customer who is ready, able and willing to buy upon the terms prescribed by the owner.

In the present case it was *held* that the plaintiff broker had failed to offer evidence which justified the jury in finding the existence of either of these conditions; and that the trial court therefore only did its plain duty in setting aside a verdict for the plaintiff.

Argued October 8th—decided December 22d, 1919.

ACTION to recover a commission for services rendered as a real-estate broker at the alleged request of

the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Case, J.;* the jury returned a verdict for the plaintiff for $560, which the trial court upon motion set aside as against the evidence, and from this decision the plaintiff appealed. *No error.*

*William H. Fogerty,* for the appellant (plaintiff).

*Nathan A. Schatz* and *Louis M. Schatz,* for the appellee (defendant).

PRENTICE, C. J. It is well settled that a broker in whose hands real estate has been placed for sale by its owner, is entitled to his commission, agreed upon or customary, when his efforts have resulted in a sale, or in procuring a customer who is ready, able and willing to buy upon the terms prescribed by the owner. *Home Banking & Realty Co.* v. *Baum,* 85 Conn. 383, 386, 82 Atl. 970. His right to the commission is dependent upon the concurrence of two conditions: (1) the creation either expressly or impliedly of an agency employment to effect a sale, and (2) the execution of the terms of the employment to the extent of procuring a customer ready, able and willing to buy upon the terms prescribed by the owner.

In the present case the plaintiff failed to offer proof reasonably justifying the jury in finding that either one of these conditions had been complied with. His own evidence carefully avoided the statement that the defendant put the property in question into his hands for sale or employed him to effect a sale of it, and evidence of that important fact, vehemently denied by the defendant, is not elsewhere supplied. That the defendant ever agreed to sell upon terms acceptable to the customer whom the plaintiff claims to have pro-

cured, nowhere appears by competent evidence. The trial court was only performing its plain duty when it set aside the verdict.

There is no error.

In this opinion the other judges concurred.