## JOSEPH ALBONSKY *vs.* MARY BANAITIS.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

In an action to recover a real-estate commission, the trial court's charge is inadequate, unless it contains an explanation of the elements necessary to constitute one the "procuring cause" of a sale, and sets forth in compact form the facts bearing upon this issue as claimed to have been proven by both parties.

An assignment of error which embraces several distinct claims is defective.

A newspaper advertisement of the sale of the defendant's house, containing the recital, "No agents," which was published by the defendant prior to the date when the plaintiff claimed to have been employed as a broker, was irrelevant and immaterial.

Argued April 12th—decided June 6th, 1927.

ACTION to recover a commission alleged to have been earned by the plaintiff in the sale of the defendant's real estate, brought to the District Court of Waterbury and tried to the jury before *Beardsley, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Michael V. Blansfield,* with whom, on the brief, was *Herman B. Engelman,* for the appellant (plaintiff).

*William B. Fitzgerald,* with whom, on the brief, was *Edward B. Reiley,* for the appellee (defendant).

WHEELER, C. J. The plaintiff sues to recover a commission for having procured the sale of defendant's house under his employment as a real-estate broker. The sale of defendant's house was made. Plaintiff's "right to the commission is dependent upon the concurrence of two conditions: (1) the creation either expressly or impliedly of an agency employment to

effect a sale, and (2) the execution of the terms of the employment to the extent of procuring a customer ready, able and willing to buy upon the terms prescribed by the owner." *Commander* v. *Lawler,* 94 Conn. 125, 126, 108· Atl. 537. The employment of plaintiff to effect the sale, as well as the question whether he had procured a customer ready, able and willing to buy upon the terms of the defendant, were in issue. The court instructed the jury that the two primary questions involved were as to whether the plaintiff was employed to make the sale, and as to whether he was the procuring cause of the sale. The court left to the consideration and determination of the jury as to what constituted the procuring cause of the sale with this comment: "This is entirely within your province; it is not to be commented upon by the court. The evidence is before you." This was inadequate for the proper or reasonable guidance of the jury. The court should have explained to the jury that they might find that the plaintiff was the procuring cause, provided they found that he had procured a customer ready, able and willing to buy upon the terms prescribed by the defendant. Having given the jury the general principle, the court should then have compactly presented to the jury the facts as claimed by plaintiff, and by defendant, and left it to them to apply the principle given them to the facts as found by them. The case did not require a presentation in accordance with situations of more complexity, as, for example, in *Murphy* v. *Linskey,* 94 Conn. 475, 109 Atl. 412. We have felt obliged to consider this error although, contrary to our rule, it is included in an assignment which includes four other alleged errors. The other assignments of error are defective in form except the fifth, which related to the admission of a certain exhibit. This was a newspaper advertisement of the sale of this

house, which was caused to be published by defendant between March 5th, and March 9th, 1926. It recited, "No agents." It was admitted in evidence over plaintiff's exception. Plaintiff did not claim to have been employed prior to March 22d, 1926. The advertisement was therefore irrelevant and immaterial. The contract of employment of plaintiff had no connection with the advertisement so far as the record discloses.

There is error and a new trial is ordered.

In this opinion the other judges concurred.