JOHN DEUTSCH, ADMINISTRATOR, (ESTATE OF EDWARD DEUTSCH) *vs.* GEORGE LABONNE ET AL.
ANTHONY VOSNEY *vs.* GEORGE LABONNE ET AL.
MARTIN COVALESKI, ADMINISTRATOR, (ESTATE OF ADAM COVALESKI) *vs.* GEORGE LABONNE ET AL.

First Judicial District, Hartford, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued January 10th—decided March 3d, 1930.

42

*Ralph O. Wells,* with whom was *C. B. Prior,* for the appellants (defendants).

*Samuel Rosenthal,* with whom were *Monroe S. Gordon* and *Charles W. Tamulonis,* for the appellees (plaintiffs).

HAINES, J. These three cases arose from a collision of two automobiles on the public highway between Thomaston and Terryville in this State. The car of the defendant George LaBonne, a Chrysler sedan, was being driven westerly, by his son Lionel, and the other car, an Essex coach, was being driven easterly by Edward Deutsch, while Adam Covaleski sat at his right on the front seat, and Anthony Vosney sat on the rear seat. All three in this car were injured and only Vosney survived. The cars came together substantially at the lowest point of a depression in the highway and both cars were on a down grade as they approached each other about nine o'clock on the evening of February 17th, 1929. The roadway was concrete eighteen to twenty feet in width, with a center line, and gravel shoulders approximately three to five feet wide, and wooden posts with heavy cable between them, as a guard. It appears from the evidence offered by both parties, that as the defendants' car descended the grade, it was swinging from side to side and finally struck the fence at its right and shot across the road

to its left where the two cars came into collision; the impact rendering the occupants of the Essex car unconscious. It appears from the plaintiffs' evidence that a car occupied by other persons was following the Essex down the grade at the time the defendants' car approached. The plaintiffs claimed the collision was caused solely by the negligence of the driver of the defendants' car, the evidence of the latter being that the temperature was below the freezing point and the weather clear; that save at a point about three hundred and fifty feet from the point of collision, the road was dry, but at that point there was a patch of smooth ice upon the roadway, and as the car approached it at about thirty-nine miles per hour, the driver put on his brakes and the car skidded on the ice and the driver lost control of it and could not thereafter, to the time of the collision, regain control. The evidence of the plaintiffs puts the speed of the defendants' car at forty-five to fifty miles per hour and that of the plaintiffs' at twenty to twenty-five miles, the latter slowing down as the defendants' car approached, and pulling off the concrete to the right as far as the fence permitted. Save as to the speeds of the cars and as to the existence of the patch of ice there seems to be no substantial disagreement on the general situation as above outlined.

There being merely a general denial by way of answer, the issues raised were, the actionable negligence of the defendants and the contributory negligence of the plaintiffs and the jury found for the plaintiffs upon both points. The appeal is based entirely upon the failure of the court to charge upon the doctrine of the last-clear-chance, and claimed insufficient charges upon proximate cause and contributory negligence. No requests to charge were made by the defendants upon either of these features. The defendants' brief claims no technical error in the charge as given on

proximate cause and contributory negligence, but insists that it was inadequate. The contention seems to be that the evidence showed that the defendants' car had gone out of control and that this fact was obvious to the driver of the plaintiffs' car, whose car was under control and who could have slackened his speed or stopped and thus have avoided the collision. The claim of inadequacy in the charge is thus summed up: "The charge at no point calls attention to the difference in responsibility and obligation as between one who at all times *could* slacken his speed and control the movements of his car and one who could *not* control his car, even though such loss of control was due to some prior act of negligence on his part." It is to be noted that the plaintiffs' evidence was that the speed of the plaintiffs' car—of twenty to twenty-five miles an hour—*was* reduced and the car driven off the roadway to the fence, as the defendants' car approached.

We have often emphasized the importance of pointing out to the jury the proper application of the principles of law to the facts which they may find from the evidence. This requirement is salutary and important in fulfilling the primary purpose of the charge, and assisting the jury to correct conclusions. *Albonsky* v. *Banaitis,* 106 Conn. 205, 206, 137 Atl. 740; *Laukaitis* v. *Klikna,* 104 Conn. 355, 360, 132 Atl. 913; *Greenberg* v. *Branciere,* 100 Conn. 596, 600, 124 Atl. 216.

It is true, as the defendants urge, that the circumstances in this instance were unusual, but there was no "difference in responsibility and obligation" resting upon the drivers. Each was required, as in all cases, to exercise the care which a reasonably prudent person would have exercised under those peculiar circumstances. All the evidence and the claims of the parties were before the jury and the court referred specifically

to the defendants' evidence and claims as to the ice and the loss of control and other features urged by the defendants. We think the charge was such as to have enabled the jury to readily and correctly apply the law of proximate cause and contributory negligence to the particular facts of this case.

The defendants assign as error the failure of the court to explain to the jury the doctrine of supervening negligence. The finding shows that the defendants argued to the court and jury, that even if the driver was negligent before losing control of his car, yet, as the loss of control was obvious to the plaintiff driver for a sufficient time to have permitted him to stop his car, which he was able to do and did not, this failure on his part was an act of intervening negligence which superseded the defendant driver's negligence and was the proximate cause of the collision.

This claim, and all the evidence, being before the jury, the court told them that they should decide as to each party, whether he was in the exercise of due care; whether the defendant driver was negligent; whether that negligence was the proximate cause of the collision, and whether the plaintiffs were guilty of contributory negligence. Each of these terms was correctly defined for the guidance of the jury, and the answer to the complaint having been a general denial only, these issues were thus the controlling issues of the case. The court further called the attention of the jury to the defendants' evidence of the existence of the patch of ice three hundred and fifty feet from the point of collision and to the defendants' claims that this ice was the cause of the loss of control of the car and that the plaintiff driver was negligent in not stopping his car. The court further said an operator "must keep such a lookout for people, others who might use the road, and take means to avoid them, keep such con-

trol of his car and regulate the course of his car, as a reasonably prudent man would, having regard to all the circumstances and conditions under which he is operating," and concluded: "If there was ice, if you so find it, it is for you to determine, whether or not under all the circumstances, a failure to regain control of the car from that point of ice, if that is what caused him to lose control, to the point of collision, was negligent under the circumstances and under the conditions then existing. It is all a matter for you to determine under the evidence, whether or not the defendant was negligent or whether there was any negligence on the part of the plaintiffs or any of them."

We deem it unnecessary to decide whether the doctrine of the last-clear-chance could be applied, as such, to a situation such as that disclosed by the evidence. The defendants' claim amounted to no more than saying that because the plaintiff driver did not stop his car, in view of the situation that confronted him, he was guilty of negligence, and that that negligence, if not the sole proximate cause of the collision, was yet contributory negligence on his part. We think the charge was sufficient to enable the jury to understand and fairly consider these issues, and that their conclusion that the negligence of the defendant driver was the sole proximate cause of the collision should not be disturbed.

There is no error.

In this opinion the other judges concurred.