LOUISE BUNDY CRANE *vs*. THE HARTFORD-CONNECTICUT TRUST COMPANY, EXECUTOR (ESTATE OF HARRIET M. BUNDY).

First Judicial District, Hartford, March Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued March 5th—decided March 31st, 1930.

*Cornelius J. Danaher,* for the appellant (plaintiff).

*Anson T. McCook* and *Hugh M. Alcorn,* with whom, on the brief, was *Allan E. BroSmith,* for St. Francis Hospital, for the appellee (defendant).

MALTBIE, J.   This action is an appeal from the admission to probate of the will of Harriet M. Bundy. After making certain specific gifts the will gave the residue, comprising the bulk of the estate, to the defendant trust company as trustee, to pay one half of the net income to Mrs. Catherine J. Machon so long as she lived and one tenth of it to each of five persons named, a niece and four cousins, for her life, with provisions for the disposal of these shares of income upon the death of each of the beneficiaries named until the death of the last survivor; when that occurred, the property was to be held in trust, in perpetuity, the income to be paid to certain institutions, a home for aged people, three hospitals, and the Wadsworth Atheneum of Hartford, and to the Congregational Home Missionary Society.   Mrs. Machon was in no way related to Miss Bundy, but had lived with her for some ten years as housekeeper, companion and friend. The appellant was an aunt and one of the next of kin and heirs at law of Miss Bundy.   She claimed that Miss Bundy lacked testamentary capacity and that the will was the result of undue influence exerted upon her, particularly by Mrs. Machon.

The first ten reasons of appeal assign error in short extracts from the charge. In her brief the appellant discusses only two of these and there is not sufficient merit in the claims of error as to the others to justify comment.   With reference to the issue of undue influ-

ence the trial court charged the jury that where a gift is made to one who is not a relative and would not be an heir in the absence of a will, but who stands in a relation of peculiar trust and confidence to the testator, the burden of proof shifts and it is for the recipient of the testator's bounty to disprove the existence of such influence; and that such a relationship might arise out of various situations, as of attorney and client, religious adviser, guardian and ward, or, as claimed in the particular case, out of the relationship of Mrs. Machon to Miss Bundy as confidential adviser in her financial, religious, domestic and other affairs. The court then left it to the jury to determine, before applying this rule, whether such a confidential relationship did in fact exist, and of this the appellant complains. Upon the claims of the parties as to the facts proven it is difficult to see any substantial basis for a finding that such a relationship as would come within the rule did exist in the instant case; but, if it was an open question, it was certainly, as the trial court left it, a question of fact for the determination of the jury. *Page* v. *Phelps,* 108 Conn. 572, 583, 143 Atl. 890.

The appellant also claims error in a statement in the charge that although the case had taken two weeks to try, the issues were comprised within so small a compass and counsel had so completely and thoroughly presented their claims and reviewed the evidence that it did not feel any review of the evidence by it to be necessary. A charge should be more than a bare statement of legal principles; it should point out clearly to the jury the application of the principles of law to the facts claimed to have been proven, so that they may be guided in the determination of the particular controversy before them. *Schiesel* v. *Poli Realty Co.,* 108 Conn. 115, 124, 142 Atl. 812;

*Albonsky* v. *Banaitis,* 106 Conn. 205, 206, 137 Atl. 740; *Laukaitis* v. *Klikna,* 104 Conn. 355, 360, 132 Atl. 913; *Pietrycka* v. *Simolan,* 98 Conn. 490, 494, 120 Atl. 310. In the instant case, as the trial court said, the issues were narrow, and the court made sufficient reference to them and to the claims of the parties adequately to guide the jury in the application of the principles of law to the facts involved. We cannot say that it committed error in failing to review the evidence more extensively. *Morosini* v. *Davis,* 110 Conn. 358, 364, 148 Atl. 371.

The other reasons of appeal are based on claimed errors in the failure of the court to charge in certain respects. One of these is that it should have charged that the gift to each of the organizations named to receive the income of the trust after the death of the last life beneficiary was void because it violated the rule against perpetuities. Even if these gifts were invalid because of the violation of such a highly technical rule, of which, so far as appears, the testatrix had no knowledge, that fact would not be indicative of either testamentary incapacity or the existence of undue influence, particularly in view of the statement in the appellee's claims of proof, which does not seem to be questioned, that the will was drawn by, and after consultation with, a trust officer of the defendant trust company. Finally, this claim does not appear to have been made at the trial, and would in any event be one of those incidental matters a failure to charge as to which would not constitute error in the absence of a request. *Schmeiske* v. *Laubin,* 109 Conn. 206, 211, 145 Atl. 890.

The appellant finally assigns as error the court's failure to charge that if a part only of the will were found to be the result of undue influence exerted by Mrs. Machon, that part only might be held void and

the rest of the will sustained. This claim also does not appear to have been made in the trial court. Had it been no doubt the trial court would have submitted appropriate issues to the jury. As it was not, the appellant cannot be given the benefit of it on this appeal.

In her brief the appellant claims an additional error in a portion of the charge, but this we disregard because it is not included in the assignments of error.

There is no error.

In this opinion the other judges concurred.