H. WILLIAMSON, LIMITED, *vs.* CARRIE E. PERRY ET AL.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 14th—decided April 17th, 1930.

*Joseph F. Berry,* for the appellant (defendant Perry).

*Edward H. Kelly,* and *Henry F. Herberman* of New York City, for the appellee (plaintiff).

WHEELER, C. J. The plaintiff brings this action against the defendant Carrie E. Perry upon a guaranty dated August 23d, 1927, in terms as follows: "In consideration of the sum of One Dollar ($1.) to me in hand paid by you, the receipt whereof is hereby acknowledged, and of your agreement at my request to continue to supply goods to Phinney Walker Co., Inc., of 250 West 57th Street, New York City, I DO HEREBY guarantee, promise and agree to and with you that Phinney Walker Co., Inc., will make due and regular payment to you in respect of the purchase price of each and every shipment of goods made by you to Phinney Walker Co., Inc., forthwith upon receipt of each of such shipments and I DO FURTHER undertake and agree that in the event that due and prompt payment is not made to you by Phinney Walker Co., Inc., in respect of any shipment or shipments of goods received by Phinney Walker Co., Inc., from you I will myself forthwith pay to you the amount due from Phinney Walker Co., Inc., in respect of such shipment or shipments and I DO HEREBY expressly waive and dispense with any demand upon Phinney Walker Co., Inc., and notice of non-performance or non-payment on the part of Phinney-Walker Co., Inc. THIS GUARANTEE is to be a continuing Guarantee and my liability under it shall not be affected by your giving time or any other indulgence to Phinney Walker Co., Inc."

The Hartford-Connecticut Trust Company was named a codefendant as custodian and agent of Mrs. Perry in possession of her assets or estate without which the plaintiff cannot satisfy the judgment which may be obtained herein. While the judgment is against

both defendants, the appeal is taken by Mrs. Perry alone.

Upon the trial the plaintiff offered evidence to prove that it had sold watches, clocks and accessories, to the Phinney-Walker Co., Inc. (which we shall designate hereafter as the company) since 1923 under a general course of dealing which was reduced to writing in the form of a letter dated March 25th, 1926, and which provided, among other things, that payment should be made promptly on receipt of the goods. In the early part of 1927, this company failed to make prompt payment on receipt of the goods, and plaintiff advised the company that it could no longer continue shipments. Thereupon Mrs. Perry executed this guaranty. Early in 1928, the company again made default of prompt payment on receipt of goods and on February 8th, 1928, plaintiff gave the company notice of its termination of the exclusive agency for the Eight-Day Buren Watch given by the letter of March 25th, 1926, because of its failure to make prompt payment. Thereafter the company requested plaintiff to continue to supply it with its products and plaintiff acceded to this request on condition that payment be made in cash on the 1st and 15th of each month. Instead of paying in cash the company sent plaintiff trade acceptances in settlement of its account up to May 5th, 1928. The plaintiff repudiated this method of settlement and thereafter refused to ship goods to the company except as to materials to supply movements already sold. There is now due and owing the plaintiff with interest to June 4th, 1928, $59,202.61.

None of these facts were in substantial dispute. The plaintiff was clearly entitled to a judgment for the amount claimed by it unless the defendant established her affirmative defense that the plaintiff, without the consent of the defendant, materially and sub-

stantially changed the contract of guaranty and so materially affected the risk which the defendant assumed in giving the guaranty.

Attempting to substantiate her defense the defendant offered evidence to prove these facts: The defendant executed the contract of guaranty in consideration of the provision in the letter of March 25th, giving to this company the exclusive agency of the Eight-Day Buren Motor Watch, and of the plaintiff continuing to ship goods under the terms of this letter. The provision for prompt payment for the goods was waived by the custom of plaintiff accepting payments from the company from thirty to sixty days after receipt of the goods. The plaintiff was unable to supply the requirements of the company and in order to fill its own contracts with its customers it was forced to contract on September 2d, 1927, with L. Sandoz-Vuille, as he would no longer sell plaintiff. The plaintiff was required by the terms of this letter to give the company notice of the termination of the exclusive agency contract on learning of its contract with L. Sandoz-Vuille and by failing to give such notice and by continuing to ship goods and agreeing to ship after learning of this contract waived any breach of it.

The plaintiff approved and assisted in the formation of a corporation—The Buren Watch Company of New York—by several discharged employees of the company and gave to it the agency of this Buren Motor Watch, contrary to their exclusive agency contract with the company and sold to it about $50,000 worth of these watches during the spring of 1928. The plaintiff then sought contracts for this watch for The Buren Watch Company and allowed it to advertise to seventy per cent of the company's trade that the Buren Company, and not the Phinney Walker Company was the authorized agent for this watch. During

the spring of 1928, the plaintiff failed to ship certain orders for parts of watches to the company thereby making it impossible to fill the orders of its customers. The defendant claimed the above acts of the plaintiff substantially changed the contract with the company and rendered it worthless and destroyed the consideration for which the guaranty was given and constituted bad faith toward the defendant by the plaintiff. The defendant also offered evidence to prove that the plaintiff conspired with a former official of the company for the purpose of securing a contract for the benefit of plaintiff without the knowledge of the defendant and took away the exclusive agency of Buren watches from the company and gave it to Buren Watch Company of New York.

The verdict for the plaintiff necessarily meant that the jury found the defenses of the defendant without merit. The defendant's appeal raises the single point that the charge of the court that the jury was entitled to set off against any claim found due the plaintiff any damage which the Phinney Walker Company might have sustained by reason of plaintiff's breach of the terms of the letter of March 26th, constituted error. The fact is that no claim of this character was ever made by the defendant or the plaintiff from the beginning to the end of the case, and no evidence was offered from which any damage of this nature could be found. The plaintiff concedes this and further concedes that the charge on this subject was an incorrect statement of the law.

The jury have assessed the damages at the exact amount claimed by the plaintiff. Permitting an assessment for an amount less than the plaintiff was found by the jury to be entitled to, and through the agency of deductions made which the defendant herself does not claim she was entitled to, was, the defend-

ant grants, a more favorable instruction than the law entitled her to. Defendant's counsel frankly acquiesces in the settled rule that a losing party cannot complain of an erroneous instruction which is more favorable to him than the law would accord him, and that an error of that description will be regarded as harmless. He seeks to escape the application of the rule to the defendant by claiming that her defense was a total defense to the action upon the guaranty and that this defense either was or may have been overlooked by the jury because of the prominence given in the court's charge to the false issue as to the allowance of some deduction from the amount of the plaintiff's claim, and to the position of the instruction as to defendant's defense in the middle of the charge preceded and followed by the issue erroneously injected in the case by the court. This statement incorrectly designates the position of the instruction as to defendant's defense.

Defendant's counsel formulates the principle for which he contends in substance in these words: If the erroneous charge might turn the jury's attention to something foreign to the real issues and thus cause the jury to lose sight of these issues or become confused as to what these were, such a charge is harmful no matter whether it be favorable to the party claiming it to be harmful. If it appeared that it was reasonably probable that such a result might have occurred we should be inclined to grant a new trial. In this case no such result could be held to have been reasonably probable. It is noticeable that no ground for error is found in this appeal which attacks the court's presentation of the law upon any issue arising in the case.

The defendant filed fourteen separate requests to charge, yet no one of them is made a basis of error on this appeal. A close examination of the charge reveals

that the defendant's defenses were presented with sufficient fullness and clarity to completely negative the claim of the defendant that these defenses and the law applicable to them may have been submerged by the greater prominence given to the erroneous instruction as to deductions from the amount found due the plaintiff so that the jury either failed to note them or became confused in their consideration of the erroneous instruction. The charge shows that this conclusion is not reasonably probable. Neither could it be held to have been harmful if the test were, might this have been the result? To demonstrate that the law applicable to these defenses was adequately presented we quote several of the instructions given in the last part of the charge. They in substance coincide with corresponding requests to charge made by the defendant and are sufficiently accurate statements of the law.

"The law requires diligence and good faith on the part of anyone who relies on a guaranty. A guaranty can only be enforced if the terms of the contract guaranteed are strictly complied with. The extent of the defendant's liability is to be measured by the language of the contract of sale and of the guaranty and any material change, without her consent, in the terms of the contract she guaranteed would effect her discharge. If the defendant guaranteed to pay for goods sold under a specific contract, of course she can only be held for the amount of goods sold under that contract and in accordance with the terms thereof. She is not held for anything except those things she agreed to be held for. If there are other liabilities of the Phinney-Walker Company to the plaintiff, this defendant is not responsible for them. It is only for those things which she guaranteed specifically in her contract of guaranty.

"If you find that the plaintiff violated the material terms of the agreement and that such violation con-

stituted a material change in the agreement and that this was done without the consent of and to the prejudice of the defendant, such conduct on the part of the plaintiff would effect the discharge of the guaranty and your verdict must be for the defendant. . . .

"A waiver, in law is the intentional relinquishment of a known right. If you find that the plaintiff relinquished the right to demand payment on delivery by giving credit for a long period of time, you are justified in finding that there was a waiver of this provision of the contract. If you find upon all the evidence that the plaintiff violated its selling contract, that these violations were material breaches of this agreement and that the defendant had been prejudiced thereby, you are entitled to find that the defendant is to be discharged from liability under her guaranty. She can only be held liable for payments due under the contract that she guaranteed."

Before concluding we should note a peculiarity in pleading appearing in the answer which we have never seen duplicated, viz: "5. The defendant refuses to answer paragraphs 8, 9 and 10 because said allegations are immaterial to the alleged cause of action." This is under our method of pleading, an entirely nugatory answer; that would leave these paragraphs unanswered and hence admitted. Our practice act, rules and decisions indicate the course to be taken in securing the elimination of allegations of fact in a complaint which are claimed to be unresponsive to the cause of action set forth in the complaint.

There is no error.

In this opinion the other judges concurred.