## ALCIDE CORRIEVAU *vs.* ASSOCIATED REALTY CORPORATION.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued November 4th—decided December 1st, 1936.

*Charles A. Harrison* and *William Dimenstein,* for the appellant (plaintiff).

*A. Robert Levett,* with whom, on the brief, were *Frank Kenna* and *David M. Reilly,* for the appellee (defendant).

*John E. McNerney* appeared for the appellant (plaintiff E. & S. Trucking Company).

BANKS, J.  On February 1st, 1935, at about 7:45 a.m., the plaintiff, a truckman, drove his truck into a driveway upon the premises of the defendant for the purpose of delivering merchandise to a tenant of the defendant upon the third floor of its building.  Plaintiff walked from his truck to a freight elevator used in common by the tenants of the building, and fell into the elevator pit.  In front of the elevator shaft is an automatic safety gate of wooden pickets about five feet high, which is suspended over a pulley by a rope attached to a counterweight so that the gate comes down automatically by its own weight into the opening of the elevator shaft upon the driveway, when the elevator is not at that opening.  When the elevator carriage is at the ground floor the gate is raised by hand.  When the operator desires to move the elevator carriage he pulls a rope in the elevator shaft which makes an electric connection and causes the elevator to ascend.  After it has ascended about eighteen inches the gate automatically falls into position.

The plaintiff claimed to have proved that for a long time prior to the accident the safety gate had been

defective in that it stuck and did not come down automatically of its own weight when the elevator was moved away from the ground floor, and that this condition was known, or in the exercise of due care should have been known, to the defendant; that when he came to the elevator entrance the elevator carriage was in the upper part of the building and the safety gate was raised leaving the opening unguarded, that the driveway and space adjacent to the elevator shaft was in substantial darkness, and that, believing that the elevator carriage was there, he stepped into the open and unguarded shaft.

The defendant claimed to have proved that on the morning of the accident, and for a long time prior thereto, the safety gate and elevator were in good working order, and that it was so reported to the defendant by mechanics of an elevator company who made monthly inspection of the same; that at the time of the accident there was sufficient natural light in the space surrounding the elevator shaft so that objects were readily discernible, and that there was an electric light bulb in the top of the inside of the elevator carriage which was lighted, being lighted at all times and having no switch by which it could be turned off, and the presence or absence of the elevator carriage at the ground floor could easily be determined by the presence or absence of this artificially lighted area; that the plaintiff had used this elevator at least three times a week over a period of four years, and was familiar with the operations of the safety gate. The defendant further claimed to have proved that, when the plaintiff approached the elevator entrance on the morning in question, the safety gate was down and the elevator carriage at an upper floor, that he lifted the gate and, while reaching in to pull the rope which

would bring the elevator down, he carelessly lost his balance and fell into the elevator shaft.

The only errors assigned are those claimed in connection with the charge of the trial court. The appellant claims that the charge was inadequate in that it failed to review the evidence, and point out to the jury the application of the principles of law to the facts claimed to have been proven. The extent to which a court shall comment on the evidence is largely a matter within its sound discretion. *Morosini* v. *Davis,* 110 Conn. 358, 363, 148 Atl. 371. It depends largely upon the facts involved in the particular case and the manner in which it has been tried. It may be the duty of the court in some cases to call attention in the charge to evidence or inferences which seem to it to have been overlooked, or to caution the jury against giving too much weight to evidence which has been unduly emphasized by counsel, but when the arguments of counsel have fairly presented the case a discussion in the charge of the details of the evidence may defeat its proper purpose. *Heslin* v. *Malone,* 116 Conn. 471, 478, 165 Atl. 594. A charge, to be sure, should be more than a bare statement of legal principles; it should point out clearly to the jury the application of the principles of law to the facts claimed to have been proven, so that they may be guided in the particular controversy before them. *Crane* v. *Hartford-Connecticut Trust Co.,* 111 Conn. 313, 315, 149 Atl. 782. The charge contained no review of the evidence, the court indicating that it considered that to be unnecessary in view of the full presentation of the case in the arguments of counsel. It did state succinctly the claims of the parties, particularly those of the plaintiff, and the principles of law applicable thereto. The issues were narrow, and the court made sufficient reference to them and to the claims of the

parties adequately to guide the jury in the application of the principles of law to the facts involved. It did not err in failing to review the evidence in detail.

The statement in the charge that it was the duty of the jury to be fair to the defendant as well as to the plaintiff was of course unexceptionable, and appears to have been particularly appropriate in view of the appeal of counsel for the plaintiff to the jury to be fair to him. The charge that defendant's negligence, to be actionable, must have been a substantial factor in bringing about plaintiff's injuries was, under the circumstances, sufficient, in the absence of a request for a charge on proximate cause as applied to any particular feature of the case. *Pilon* v. *Alderman*, 112 Conn. 300, 301, 152 Atl. 157; *Piascik* v. *Railroad Express Agency, Inc.*, 119 Conn. 277, 279, 175 Atl. 919.

The court told the jury that it was their duty to consider how familiar the plaintiff was with the elevator and the entrance to it and that, in passing upon the question of whether or not he was in the exercise of due care, they should take into consideration the length of time he had been visiting the place and the knowledge he had acquired concerning it, and added: "Whether he was guilty of contributory negligence depends on whether he acted as a reasonably prudent person would have acted with the same amount of knowledge concerning the place in question which the plaintiff had, or by reasonable care would have had, taking into consideration the number of times he had visited the premises." The plaintiff takes exception to this portion of the charge, and contends that the court should have charged that in order to find him guilty of contributory negligence it must appear, not only that he had knowledge of the condition complained of, but also that he had comprehension of the risk or danger arising therefrom. It is true that, to be

guilty of contributory negligence, the plaintiff must have comprehended, or in the exercise of reasonable care should have realized, that risk or danger might result from the condition complained of, and that mere knowledge of that condition does not necessarily constitute knowledge or appreciation of the danger. *Johnson* v. *Pulidy,* 116 Conn. 443, 447, 165 Atl. 365; *Gipstein* v. *Kirshenbaum,* 118 Conn. 681, 687, 174 Atl. 261. But the duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger, and one is conclusively presumed to know and appreciate dangers which, under the same or similar circumstances, would have been known or appreciated by an ordinarily prudent person. 45 C. J. p. 947, § 507; 20 R. C. L. p. 112, § 98.

It would have been error for the court to charge that the plaintiff's knowledge of a defective condition in the elevator shaft, if there were such, would constitute contributory negligence, just as we held, in *Gipstein* v. *Kirshenbaum,* supra, that it was error for the court in its charge to assume from the plaintiff's knowledge of the condition of the mats upon the stairs the further essential fact that she apprehended, or should have apprehended, the danger that might arise therefrom through the slipping of a mat. The court did not so charge but charged, in substance, that it was the plaintiff's duty to act as a reasonably prudent person would have acted who had the same amount of knowledge concerning the place in question. This placed no greater burden upon the plaintiff than that which a plaintiff always assumes, of knowing and appreciating any danger which a reasonably prudent person would know and appreciate under similar circumstances. Obviously one of the circumstances to be considered was the plaintiff's knowledge of the opera-

tion of the elevator necessarily acquired through his frequent use of it. In the absence of a request for a specific charge as to the plaintiff's comprehension of the risk, the court did not err in this portion of the charge. Other exceptions to the charge do not justify discussion.

There is no error.

In this opinion the other judges concurred.