## John Worden *v.* Joseph Francis

King, C. J., Murphy, Alcorn, Shannon and House, Js.

Argued April 5—decided April 26, 1966

*Vincent J. Giedraitis,* for the appellant (defendant).

*Joseph H. Phelan,* for the appellee (plaintiff).

ALCORN, J. This appeal arises from a second trial of this case following our decision in *Worden* v. *Francis,* 148 Conn. 459, 172 A.2d 196. The basic facts are stated in that decision. The record before us indicates that the evidence introduced by both sides in the second trial was substantially the same as the evidence offered in the first trial. Consequently, our reference to the facts here is limited to those pertinent to the assigned errors which we find to be decisive of this appeal.

In the second trial a substantial verdict was again rendered for the plaintiff. The defendant has appealed from the ensuing judgment, assigning error in the charge and in numerous rulings on evidence. The few corrections sought in the finding which have not been abandoned are not material to the assignments of error in the charge, which we consider to be conclusive.

The court was undoubtedly faced with an unusual and difficult situation in that the defendant, although he was represented by counsel during the trial, was permitted personally to participate extensively in the conduct of his own defense. We note also the desirability of ending this lengthy litigation if, in justice to the parties, that result may be accomplished. Nevertheless, we subordinate all such considerations to the vital question whether the charge fulfilled its primary purpose of assisting

the jury to apply the law correctly to the facts which they might find to be established. *Deutsch* v. *LaBonne,* 111 Conn. 41, 44, 149 A. 244. In satisfying this purpose, the charge must go beyond a bare statement of accurate legal principles to the extent of indicating to the jury the application of those principles to the facts claimed to have been proven. *Crane* v. *Hartford-Connecticut Trust Co.,* 111 Conn. 313, 315, 149 A. 782. While the degree to which reference to the evidence may be called for lies largely in the discretion of the court; *Corriveau* v. *Associated Realty Corporation,* 122 Conn. 253, 256, 188 A. 436; an allusion to it is required sufficient to furnish a practical guide to the jury as to how the stated law is to be applied to the evidence before them. *Schiesel* v. *S. Z. Poli Realty Co.,* 108 Conn. 115, 124, 142 A. 812; *Laukaitis* v. *Klikna,* 104 Conn. 355, 360, 132 A. 913; *Crotty* v. *Danbury,* 79 Conn. 379, 385, 65 A. 147.

The plaintiff offered evidence to prove, and claimed to have proved, that he and three other boys went to the place where the defendant's road grader was parked. One of the boys climbed on the grader, and another approached the crank which was used to start the motor. The plaintiff stood in front of the right rear wheel. The boy near the crank stepped on the crank handle, and the engine started. The grader immediately moved forward, and its right rear wheel ran over the plaintiff's head.

The defendant offered evidence to prove, and claimed to have proved, that the plaintiff, while he was in the hospital following the accident, stated to an investigating police officer: "Jimmy Birdsdall, Francis Robillard, Jimmy Costello, and myself, were playing down near my house when we decided to play with the road grader. Francis

Robillard and Jimmy Costello got on the machine. Jimmy Birdsdall stepped on the crank and started the machine. I started to jump on and slipped and fell."

The importance of the conflict between the two versions of the events is apparent in the light of the special defenses of contributory negligence and assumption of risk. If the jury were clearly to understand that evidential effect could be given to the extrajudicial statement, they might well have found a situation in which the plaintiff started to jump on the grader as it moved forward and, in so doing, slipped and fell under the wheel. Considering the fact that the statement was made close to the time of the event, while the testimony was given some eleven years thereafter, the proper treatment of the two was exceedingly important.

The defendant requested a charge on the subject of extrajudicial admissions. The request, while imperfectly phrased, was adequate to alert the court to that element in the case. The court did not adopt the language of the request but charged as follows: "I should also say something to you about our rule as to admissions. An admission of a party to a suit, that is, a plaintiff or defendant, made out of court, is admissible in evidence, not as the equivalent of direct testimony of the declarant in respect to any fact in issue, but because conduct of a party in respect to matters in dispute, whether by act, speech or writing, which is inconsistent with the truth of any of his contentions in this trial, is a fact relevant to the issue involved in any such contention." The defendant has assigned error in this portion of the charge.

While the court's instruction was a correct general definition of an admission, it was not related,

in this or any other portion of the charge, to the plaintiff's crucial extrajudicial statement. The court did not inform the jury that an admission is admissible against the plaintiff in proof of the matter stated in it. *Sears* v. *Curtis,* 147 Conn. 311, 315, 160 A.2d 742. Nor did the court distinguish between the evidential quality of an admission; *Perrelli* v. *Savas,* 115 Conn. 42, 44, 160 A. 311; and a mere contradictory statement, of a witness who was not a party, which could only be offered to affect credibility. *Hill* v. *Small,* 129 Conn. 604, 605, 30 A.2d 387.

The harmful effect of this portion of the charge is heightened by the fact that the quoted language followed two paragraphs of instructions in which the court alluded to claimed conflicts in the testimony of the plaintiff and other witnesses as given in the first and second trials. The court there told the jury that the testimony of the plaintiff and these witnesses in the first trial was to be restricted to its effect upon the credibility to be accorded to their testimony in the second trial. This restriction, as applied to the testimony of a party, was erroneous as well as inconsistent with the general definition of an admission quoted above. This juxtaposition of the discussions concerning inconsistent prior testimony and extrajudicial admissions, the reference to specific testimony, the utter failure to refer to any extrajudicial statement, and the failure to point out that the one concerned credibility only while the other might have the force of evidence could only leave the jury in a state of confusion as to the proper manner of dealing with the highly significant element of a claimed admission.

The plaintiff was thirteen years old at the time of his injury. The defendant has assigned error in the portion of the charge which described to

the jury the standard of care required of a boy of that age. The court instructed the jury, in substance, in the customary language as to the standard of care required of a young boy. It also said, however: "In judging the conduct of the boy involved in this case, however, you may properly consider that a young child is more easily excited and frightened than is a grown person, and, being so excited and frightened, more easily loses control of himself and is less apt to avail himself of opportunities to avoid danger." To this portion of the charge the defendant duly excepted.

The claims of proof of the parties furnish no basis for a claim that the plaintiff became excited or frightened, or that his actions were in any way influenced by such emotions. The contest revolved around the plaintiff's right to be near the grader at all and his conduct once he got there. The instruction on this phase of the case should have been confined not only to the issues but to the matters which might be material to the determination of the issues on the facts which might reasonably have been found from the evidence. *Kulinski* v. *Savin,* 125 Conn. 512, 513, 7 A.2d 436.

On the subject of the plaintiff's injuries, the court charged: "Now, a claim is made of deafness as being proximately caused by this accident. There is evidence before you to substantiate this claim which is uncontradicted and you will consider this claim of physical impairment." The defendant's attack on this part of the charge is without merit. The plaintiff claimed to have proved that he sustained a permanent and total deafness of the left ear. The defendant's only claim of proof on the subject was that the plaintiff had difficulty with his ear before the accident. On the eve of the second

trial, the plaintiff amended his complaint to claim permanent and total deafness on the left side as a result of the defendant's negligence. The defendant did not join issue on this allegation, and, since he did not deny it, it is to be taken as admitted. *Greenthal* v. *Lincoln, Seyms & Co.,* 67 Conn. 372, 377, 35 A. 266; *Titcomb* v. *Richter,* 89 Conn. 226, 229, 93 A. 526; *H. Williamson, Ltd.* v. *Perry,* 111 Conn. 317, 324, 150 A. 17.

It is unnecessary to discuss the other claims of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.