PATRICIA VITA *v.* EDWIN J. MCLAUGHLIN

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued February 5—decided March 25, 1969

*Vincent Villano* and *Thomas F. Brown,* for the appellant (plaintiff).

*Robert C. Flanagan,* with whom, on the brief, was *Peter C. Dorsey,* for the appellee (defendant).

RYAN, J. This is a negligence action in which the plaintiff, a minor, eleven years of age, seeks to recover for personal injuries received as the result of

a fall following a collision with another skater in the defendant's roller skating rink. The plaintiff alleged in her complaint that the defendant was negligent in admitting to his skating rink, and in permitting to skate, inexperienced and unskilled skaters who were likely to lose their balance or control and bump into other skaters, thereby causing injuries to them; that the defendant knew or in the exercise of reasonable care should have known of the presence of such inexperienced and unskilful skaters in a rink crowded with a large number of young people; and that the defendant failed and neglected to prevent such unskilled skaters from using the rink and failed to remove them from the floor and properly to supervise and protect other skaters, including the plaintiff, from injury by such green, inexperienced and unskilled skaters. The defendant, in his answer, denied the allegations of negligence and pleaded the special defenses of contributory negligence and assumption of risk. The jury found for the defendant. Upon the denial of the plaintiff's motion to set aside the verdict, the plaintiff has appealed from the judgment rendered thereon.

All of the plaintiff's assignments of error are directed to the court's instructions to the jury. The plaintiff excepted to the charge on the ground, inter alia, that the court should have referred to the evidence sufficiently to instruct and guide the jury concerning the application of the law to the facts. Reference was made particularly to the failure of the court to discuss the evidence and the claims of the parties in relation to the law concerning (1) the specifications of negligence contained in the complaint; (2), in accordance with the plaintiff's claims of proof, actual or constructive knowledge on the

part of the defendant as to the conduct, over a period of more than three hours, of a boy who allegedly caused the plaintiff's injury by knocking her down; and (3) the defenses of assumption of risk and contributory negligence and their application to a child of the plaintiff's age. The court told the jury that the pleadings had been read to them (by counsel) and that they would have them in the jury room to read at their leisure. The court discussed neither the specifications of negligence contained in the complaint nor the allegations of the special defenses of assumption of risk and contributory negligence.

The primary purpose of the charge is to assist the jury in applying the law correctly to the facts which they might find to be established. *Worden* v. *Francis,* 153 Conn. 578, 579, 219 A.2d 442; *Deutsch* v. *LaBonne,* 111 Conn. 41, 44, 149 A. 244. "In satisfying this purpose, the charge must go beyond a bare statement of accurate legal principles to the extent of indicating to the jury the application of those principles to the facts claimed to have been proven. *Crane* v. *Hartford-Connecticut Trust Co.,* 111 Conn. 313, 315, 149 A. 782. While the degree to which reference to the evidence may be called for lies largely in the discretion of the court; *Corrievau* v. *Associated Realty Corporation,* 122 Conn. 253, 256, 188 A. 436; an allusion to it is required sufficient to furnish a practical guide to the jury as to how the stated law is to be applied to the evidence before them. *Schiesel* v. *S. Z. Poli Realty Co.,* 108 Conn. 115, 124, 142 A. 812; *Laukaitis* v. *Klikna,* 104 Conn. 355, 360, 132 A. 913; *Crotty* v. *Danbury,* 79 Conn. 379, 385, 65 A. 147." *Worden* v. *Francis,* supra, 580; *Phoenix Mutual Life Ins. Co.* v. *Brenckman,* 148 Conn. 391, 397, 171 A.2d 194.

In the instant case, the court recited certain principles of law with no attempt to relate the law to the pleadings and the evidence offered by the parties. In fact, in response to the plaintiff's exception to the charge, the court indicated that there was no necessity to discuss the evidence since this was a very simple case and the facts had been reviewed by counsel in argument. Even if we were to assume that the court correctly stated the rules of law in the abstract, with no further instructions applying the rules to the particular facts of this case, such a charge could not adequately serve to guide the jury in a determination of the duty resting upon the defendant, nor could it adequately guide them in determining the application to the minor plaintiff of the rules of law relating to assumption of risk and contributory negligence. *Greenberg* v. *Branciere,* 100 Conn. 596, 600, 124 A. 216; see *Berniere* v. *Kripps,* 157 Conn. 356, 361, 254 A.2d 496.

This conclusion makes it unnecessary to discuss the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.