## Arthur Yanke *v.* City of Bristol

Appellate Division of the Circuit Court

File No. CV 17-652-3083

Argued April 5—decided May 7, 1971

*M. Paul Mikolitch,* of Bristol, for the appellant (plaintiff).

*William J. Luby,* of Hartford, for the appellee (defendant).

KINMONTH, J. The plaintiff brought this action to recover damages for personal injuries sustained in falling on an icy highway in the city of Bristol and, after a verdict and a judgment for the defend-

ant, appealed, assigning error in the court's refusal to charge as requested, in the charge as given, and in a ruling on evidence.

A detailed recital of the parties' offer of proof is not necessary. It will be ample, under the circumstances, to say that the plaintiff offered evidence to prove the following: He lived on Seymour Street in Bristol and at approximately 6:35 a.m. on February 20, 1964, left his home and walked down Seymour Street, on the highway, there being no sidewalks. When he reached the intersection of Hillside Avenue, he fell on a very slippery section of ice. At the time, the weather was clear, but it had snowed approximately two inches the night before. The place where the plaintiff fell was approximately fifteen feet below a catch basin which the plaintiff had observed during the week prior to the accident as being stopped up, with ice forming below it. During the week there had been no rain, but it had thawed and there had been intermittent snow.

The defendant's offer of proof consisted, in a large measure, of evidence that there had been a major snowstorm during the night and that the city had done everything possible to clear the snow.

The plaintiff requested the court to charge the jury, in substance, that if there was a defect and if the snow which fell just prior to the accident went no further than to make the defect more dangerous, and if the defect itself was the proximate cause of the plaintiff's injuries, the defendant would not be absolved of liability by reason of the slippery condition due to the ice. The plaintiff also requested the following charge: "Where the injury is the result of a defect combined with an accident . . . in the sense of an occurrence for which no one is responsible . . . or a natural cause which was a natural incident of the use of the highway, the city

of Bristol is liable unless it appears that the accident or natural cause was so direct and separate in its operation that it, and not the defect, must be held to have been the essential or proximate cause of the injury." The court refused to charge as requested. In this we think the court erred, as these requests were in accordance with our established law as set forth in such cases as *Frechette* v. *New Haven,* 104 Conn. 83; *Jennes* v. *Norwich,* 107 Conn. 79; *Messina* v. *New Haven,* 119 Conn. 116; and *Brosz* v. *Danbury,* 140 Conn. 279.

In its instructions to the jury, the trial court correctly informed them that a municipality is not an insurer against accidents occurring on its highways and that its full duty is performed if it has used reasonable care to make them reasonably safe. "Upon the case as presented, it was the duty of the court, in addition to stating the abstract principle, to point out, in a manner and to an extent adequate to give guidance to the jury, the considerations applicable in determining what constitutes reasonable care on the part of the municipality as regards conditions arising from snow and ice on its sidewalks. It is obvious that these considerations can never be identical in different cases but vary greatly as to all or part. . . . Because of these fluctuations in the elements involved, it is impossible to frame a rule of general application in other than general language which is elastic enough to give play for the giving effect to all the relevant circumstances present in the particular case. It is all the more important, then, that the bearing and relative importance of such of these elements as are present, both to each other and to the general conclusion, should be brought to the attention of the jury." *Bjorkman* v. *Newington,* 113 Conn. 181, 184-85.

In its charge, the court generally referred to ice and snow without distinguishing a prior icy condi-

tion before the snow of the evening before the accident. The court's instructions on this phase of the case were brief and general and inadequately explained the defendant's duty under the particular facts of the present case. The primary purpose of the charge is to assist the jury in applying the law correctly to the facts which they might find to be established. In satisfying this purpose, the charge must go beyond a bare statement of accurate legal principles to the extent of indicating to the jury the application of those principles to the facts claimed to have been proven. While the degree to which reference to the evidence may be called for lies largely in the discretion of the court, an allusion to the evidence is required sufficient to furnish a practical guide to the jury as to how the stated law is to be applied to the evidence before them. *Vita* v. *McLaughlin*, 158 Conn. 75, 77.

The court failed adequately to present to the jury the question whether the defect in the highway was a substantial factor in causing the injury or whether the snowstorm was so direct and separate in its operation as to have been the sole proximate cause of the injury.

In view of what has been said, the remaining assignments of error require no comment.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion DEARINGTON and JACOBS, Js., concurred.