[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
DGG Properties, doing business as Water's Edge Inn and Resort (plaintiff), filed a one-count complaint against the defendants John J. Fernandez and Joan Fernandez (defendants), seeking to recover on a promissory note.
Plaintiff alleges the following facts in its complaint. On or about August 3, 1987, the defendants jointly purchased two time-share condominium units at the plaintiff's Water's Edge Inn and Resort. As part of the consideration for the purchase, defendants jointly executed a promissory note in favor of the plaintiff in the amount of $18,000.00. The plaintiff has attached a copy of the note to its complaint. According to the terms of the note, defendants were obligated to pay monthly payments of principal and interest. The note also contained a provision for late charges on overdue payments. Plaintiff has requested payment pursuant to the note, which defendants have failed to pay and as a result there remains due and owing to plaintiff $5,474.04 in principal, interest and late charges.
Defendants filed an answer and a counterclaim. The substance of the defendants' counterclaim is that the defendants have "discharged their timeshare ownership," and they are therefore entitled to restitution of all monies paid to plaintiff. The plaintiff has answered defendants' counterclaim thereby closing the pleadings.
Pursuant to Connecticut Practice Book section 378 et seq., plaintiff filed a motion for summary judgment along with a supporting memorandum of law and several affidavits. Defendants have filed an opposing memorandum of law and a counteraffidavit.
"`A trial court may appropriately render judgment when the documents submitted demonstrate that there is no genuine issue of fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book section 384.'" (Citations omitted.) Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984), quoting Bartha v. Waterbury House Wrecking-Company, 190 Conn. 8, 11 (1983). "(T)he `genuine issue' aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleading, from CT Page 640 which the material facts alleged in the pleadings can warrantably be inferred. (Citations omitted.) A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364,378-79 (1969).
Connecticut Practice Book section 160 provides in pertinent part, "the defendant in his answer shall specially deny such allegations of the complaint as he intends to controvert, admitting the truth of the other allegations. . ." Connecticut Practice Book section 161 provides in part, "denials must fairly meet the substance of the allegations denied." Where the defendant fails to deny the allegations of a complaint he is deemed to have admitted such allegations. Worden v. Francis 153 Conn. 578, 584 (1966); Williamson Ltd. v. Perry, 111 Conn. 317, 324 (1930).
Although the defendants have filed an "answer" to the plaintiff's complaint, their answer does not deny the allegations of the plaintiff's complaint, i.e., that the defendants executed a promissory note in favor of the plaintiff in the amount of $18,000.00 on which defendants have failed to make monthly payments. In fact, the defendants' answer fails entirely to respond to the allegations of the plaintiff's complaint as required by Connecticut Practice Book section 161. Therefore, pursuant to Worden v. Francis,153 Conn. 578 (1966), the plaintiff's allegations are deemed admitted by the defendants.
Although the defendants do not in their answer respond to the plaintiff's allegations, they do allege facts which address the plaintiff's cause of action, and therefore it appears the defendants have actually attempted to plead a special defense to the plaintiff's claim. Interpreting the defendants' special defense most favorably to the defendants, the defendants allege that the contract underlying the promissory note is ambiguous and does not reflect the parties' true intent.
Defendants allege in their answer that the mortgage deed that secured the promissory note in question contained a description of the property that was in error. Specifically, defendants allege in their answer that the Schedule A, which was attached to the mortgage deed, contained "5 typographical entries in the Floating Use Period paragraph and 8 typographical entries in the fixed Use Period paragraph. The form printed `OR' between these paragraphs has not been deleted or altered to reflect the operative nature of both paragraphs . . . This preparation in error by the plaintiff CT Page 641 affects the basis on which Defendants entered in a promissory note and is injurious to their interests." The defendants are also claiming that Schedule A is ambiguous because it could be interpreted to mean that the defendants purchased both a floating-use period and a fixed-use period.
"`Ambiguous' can be defined as unclear or uncertain." Lake Gardia Improvement Association v. Battistoni,160 Conn. 503, 510 (1971). "Any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." Reese v. First Connecticut Small Business Investment Company, 182 Conn. 326,327 (1980).
Along with their memorandum in opposition to the plaintiff's motion for summary judgment, the defendants have supplied (as Exhibit B) a copy of the deed with Schedule A that was allegedly drafted in error. Schedule A as thus supplied reads in part:
 Certain property with the appurtenances thereto located in the town of Westbrook, County of Middlesex and State of Connecticut more particularly described as follows:
 A 1/51st udivided (sic) interest in and to Unit 821, as tenant in common with all other holders of interest in said Unit. . .
 Together with the following Use period (check one):
X A Floating Use Period, . . .
OR
___ A Fixed Use Period, . . .
Only the "Floating Use Period" option is checked off on the form. The document is unambiguous on its face because the language indicates that the defendants had only the "Floating Use" option. Thus the defendants have failed to plead in their "special defense" or provide with their documents facts that could raise a genuine issue of material fact regarding the plaintiff's claim.
The plaintiff has attached a copy of the promissory note in question to its complaint. The note is signed by both defendants. CT Page 642
The plaintiff has satisfied its burden to establish that there is no genuine issue of material fact regarding defendants' liability on the note and that the plaintiff is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment as to these defendants is granted.
LEUBA, J.