[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff; Edward Kurtz, brought this action by an amended complaint in one count alleging that as a result of the carelessness and negligent supervision of the defendants William D. LoRusso, Allan J. Capinera and Caplo, Inc., he was caused to sustain various personal injuries and other damages and losses as a patron of a restaurant and bar "owned, maintained, possessed and/or controlled by said defendants. CT Page 11689
In their answer, the defendants denied the allegations of carelessness and negligent supervision and left the plaintiff to his proof concerning the remaining portions of the amended complaint.
The matter was tried to the court which heard the evidence and testimony and reserved decision. The court invited counsel to provide memoranda of law concerning the legal concept of negligent supervision. The plaintiff submitted his memorandum of law and on April 27, 2001, the defendants' counsel advised the court by letter that they did not intend to file any claims of law.
It is important to note that the plaintiff makes no claim in his amended complaint that the resulting injuries were caused by the defendants' conduct in furnishing intoxicating beverages to any of the parties involved in the incident.
As noted in the several cases cited below, the furnishing and/or the consumption of alcoholic beverages are not elements of a claim of negligent supervision.
The plaintiff must prove by a fair preponderance of the evidence that any injuries or damages he may have sustained were proximately caused by the defendants' failure to supervise the other patrons and provide a safe business environment.
"A patron or business visitor of the establishment who sustained an injury in person or property as a consequence of such negligence in supervision might have a common-law cause of action under the rule of cases such as Lowthert v. Loyal Order of Moose of Stamford, Lodge 940, Inc., 147 Conn. 529, 533". BIOSKI v. CASTELANO, No. 0115265 (Mar. 21, 1995) 1995 Ct. Sup. 2710.
"The cause of action for negligent supervision . . . is based on conduct amounting to the defendant proprietor's failure "to exercise reasonable care in the supervision of the conduct of the patrons or other business visitors within his establishment." Nolan v. Morelli,154 Conn. 432, 440-441, (1967).
The defendant does not guarantee that if any body comes into his store and is hurt, no matter how, it will pay for it. The defendant is only liable in the event that an incident happened through its negligence; and negligence means a failure to use that care which a reasonably prudent person would use under all the circumstances. [from the court's charge inWard v. Avery, 113 Conn. 394, (1931)].
Connecticut cases have held that any contributory negligence of a CT Page 11690 plaintiff who is a business invitee is also an issue for the trier of the facts to consider. "The plaintiff's duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger, and the plaintiff is conclusively presumed to know and appreciate dangers which under the same or similar circumstances, would have been known or appreciated by an ordinary prudent person." Corriveau v. Associated Realty Corp., 122 Conn. 253, 258
(1936).
Having considered the evidence and testimony and having reviewed the plaintiff's claims of law concerning negligent supervision, the court makes the following findings:
In December, 1995, the plaintiff and one Victor DosSantos were fellow employees as Aspetuck Associates a contracting firm. The plaintiff testified that DosSantos was stealing from the company and he, Kurtz, went to the office and reported that fact.
The plaintiff went to the defendants' bar and restaurant, known as Park Place Cafe, at approximately 1:30 a.m. on Saturday, March 16, 1996. Earlier in the evening of March 15, he had been at a stag party at Golden Oak Villa from approximately 7:00 p.m. where he drank wine. Later he went to a Waterbury bar, where he had "a couple of beers" and then went to Park Place.
The defendant, Capinera, was present at the bar throughout the series of events set forth in the testimony. The plaintiff testified that Capinera met him at the door as he arrived and asked him if he had any problem with DosSantos who was inside the bar. The plaintiff said that he did not and entered the bar. Immediately after his entry into the bar, the plaintiff was confronted by Victor DosSantos and Lisa Boneski. DosSantos and the plaintiff had an argumentative exchange and Boneski struck the plaintiff in the face two or three times.
The defendant, Capinera, by the plaintiff's own admission, tried to break up the disturbance and then threw DosSantos and Boneski out of the bar. Capinera then advised the plaintiff not to go out to the parking lot and he, Caprinera, did go out to see if it was safe for the plaintiff to leave.
The plaintiff testified he chose not to wait and after a few minutes he left the relative safety of the bar and entered the parking lot where he observed DosSantos slashing the tires on his car. He confronted DosSantos in the lot and was slashed and stabbed.
The plaintiff testified that Capinera pulled the attacker off him and CT Page 11691 that Boneski grabbed the knife to use on him Meanwhile, the bartender called the police and police and medical units responded and took Kurtz to the hospital were he was treated.
Based on the evidence the court cannot find that the defendants were negligent in their supervision of their premises. There is no basis upon which a finding can be made that it was negligent of the defendants to take the extraordinary measures of such as metal detectors, bouncers and the practice of searching patrons at the door on the night in question. There was no reason for the defendants to expect the kind of violence which occurred on that early morning — especially in view of the plaintiff's personal assurance to Capinera that he was not having any problem with DosSantos when it can readily be inferred from DosSantos' subsequent conduct that there was a problem and a cause for Kurtz to have anticipated aggression on the part of DosSantos
For that reason, the court finds that the plaintiff has failed to sustain his burden of proof and judgment is to enter for the defendants.
By the Court,
Joseph W. Doherty, Judge